THE STATE, EX REL. MOTHERS AGAINST DRUNK DRIVERS ET AL.,
APPELLANTS, *v.* GOSSER, CLERK, APPELLEE.

[Cite as State, ex rel. Mothers Against Drunk Drivers, *v.* Gosser (1985),
20 Ohio St. 3d 30.]

(No. 84-1725—Decided November 20, 1985.)

*Isaac, Brant, Ledman & Becker, Douglas S. Roberts* and *David H. Meade,* for appellants.

*Jeffrey M. Welbaum,* prosecuting attorney, and *Carla M. Suerdieck,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, ·and *Simon B. Karas,* urging reversal for *amicus curiae,* Attorney General of Ohio.

HOLMES, J. The question presented by this appeal is whether a writ of mandamus shall issue to compel the Clerk of the Miami County Municipal Court to make available to appellants the recorded information identified as documents A-E, above. For the reasons set forth below, we hold that appellants are entitled to the writ of mandamus.

The extraordinary legal remedy of mandamus may be granted to compel execution of an official duty from a ministerial officer when three conditions exist. The relator must show (1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act re-

quested, and (3) that relator has no plain and adequate remedy at law. *Eudela* v. *Rogers* (1984), 9 Ohio St. 3d 159, 161; *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29.

Appellee's legal duties, and hence appellants' legal rights, hinge on the interpretation given to R.C. 149.43(B), which states: "All public records shall be promptly prepared and made available to any member of the general public at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division." The question thus presented is whether the files sought are, in fact, "public records," and whether the appellee is the appropriate "person responsible" for making them available to the public.

## I

Information is a public record when it "must be kept by a governmental unit" and when the information is specifically "required to be kept by law." *State, ex rel. Plain Dealer Publishing Co.,* v. *Lesak* (1984), 9 Ohio St. 3d 1, 2, citing *State, ex rel. Citizens Bar Assn.,* v. *Gagliardo* (1978), 55 Ohio St. 2d 70 [9 O.O.3d 74], and interpreting R.C. 149.43. Also, in *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107 [74 O.O.2d 209], the phrase "required to be kept," was held to mean "any record which but for its keeping the governmental unit could not carry out its duties and responsibilities; that the *raison d'etre* of such record is to assure the proper functioning of the unit." *Id.* at 108-109.

It is difficult to conceive of more necessary records for the disposition of DWI cases than those requested by appellants.[2] R.C. 4511.191(K)[3]

---

[2] The judges' personal notes and pre-sentence reports are not considered to be public records.

[3] R.C. 4511.191(K) provides:
"If a person is charged with a violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol and if the results of a chemical test administered pursuant to this section indicate that the blood * * * breath, or * * * urine * * * [have an illegal alcoholic content] or refuses to consent to a chemical test of his blood, breath, or urine * * * the court shall immediately suspend the person's operator's or chauffeur's license or permit or nonresident operating privilege, if the court or referee at the initial appearance, which shall be held within five days from the date of the citation or arrest, determines that one of the following is true:
"(1) The person has previously been convicted of a violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol;
"(2) At the time of the arrest, the person's driver's or chauffeur's license or permit or nonresident operating privilege was suspended or revoked;
"(3) The person caused death or serious physical harm to another person;
"(4) The person failed to appear at the initial appearance;
"(5) The court or referee determines that the person's continued driving will be a threat to public safety."

speaks in terms of evidence of blood-alcohol level, chemical or blood tests, and prior convictions of the accused committed while under the influence of alcohol. Invariably, the requested documents A-E are offered as evidence on these issues both at trial and on appeal. R.C. 149.40 states that:

"Any document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office, is a record within the meaning of sections 149.31 to 149.44, inclusive, of the Revised Code."

It would seem to be clear that if, as here, the requested documents are received by, are under the jurisdiction of, and are utilized by, the court to render its decision, then their retention assures the proper functioning of the governmental unit and, accordingly, could reasonably be classified as "public records" and required to be kept within the meaning of R.C. 149.43.

## II

It must now be determined whether the Clerk of the Miami County Municipal Court is the "person responsible" under R.C. 149.43(B), and the person to whom a writ of mandamus may issue. R.C. 1901.31(E) requires that the clerk "shall file and safely keep all journals, records, books, and papers belonging or appertaining to the court * * *." Also, R.C. 1901.30(B) places upon the clerk a legal duty to "transmit the transcript, together with all original papers filed in the case" whenever an appeal is taken from a municipal court. These statutes place the supervision of all documents used by the court in its decision-making capacity upon the clerk. When statutes impose a duty on a particular official to oversee records, that official is the "person responsible" under R.C. 149.43(B).

While courts at all levels are possessed with rule-making authority, such rules must be reasonable and not in "conflict with the organic law, or any valid statute." *Cassidy* v. *Glossip* (1967), 12 Ohio St. 2d 17, 21 [41 O.O.2d 153]. In the case *sub judice,* the municipal court promulgated a local court rule. The court of appeals determined that this local rule empowered the municipal court to avoid filing or keeping the documents at issue with the clerk.

A local rule of court cannot prevail when, as in this case, it is inconsistent with the express requirements of a statute. In the case here, the local rule authorized the clerk to keep two separate files, one public and one private. The public file was expressly limited to "the complaints, motions, memorandums [*sic*], entries and verdicts." The non-public file contained matters including alcohol influence reports, breath test results, arresting officers' reports, accident reports, and Leads sheets, which we have determined herein to be public records. Consequently, the local rule effectively forbids public access to public records, thereby conflicting with R.C.

149.43(B). Furthermore, the rule contravenes the requirements of R.C. 1901.31(E) to "file and safely keep" these records. Therefore, to the extent that the local rule is inconsistent with the above statutes, it is hereby invalidated.

Having invalidated the offending portion of the local rule, we find the clerk's paramount duty to the people of this state to be clear. The legal right of appellants to have access to documents A-E is also apparent.

Accordingly, the judgment of the court of appeals is reversed and the writ of mandamus is allowed.

*Judgment reversed and writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

