The STATE of Ohio, Appellant,

v.

SANCHEZ et al., Appellees.

[Cite as *State v. Sanchez* (1992), 79 Ohio App.3d 133.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–037.

Decided April 17, 1992.

*Anthony G. Pizza,* Prosecuting Attorney, and *Kathleen M. Connelly,* Assistant Prosecuting Attorney, for appellant.

*Lionel Patterson* and *Larry O. Doyle,* for appellee Donna Linear.

*Fritz Byers,* for appellee Margaret Sanchez.

---

ABOOD, Judge.

This is an appeal from an order of the Lucas County Court of Common Pleas, which dismissed an indictment which charged each appellee, Margaret Sanchez and Donna Linear, with two counts of theft in office.

Appellant sets forth one assignment of error:

"The trial court erred in granting defendants' motion to dismiss because defendants were charged with conduct that is criminal under the laws of the state of Ohio."

The undisputed facts that are relevant to a determination of the issues raised by this appeal are as follows. On May 16, 1990, appellees were employed as clerks in the Office of the Clerk of the Toledo Municipal Court. On that day, Al Ranson went to the Toledo Municipal Court, gave Sanchez a slip of paper with certain Ohio license plate numbers written on it and requested information regarding the identities of the persons to whom those plates were registered. Sanchez accessed this information from an office computer and allowed Ranson to inspect the computer generated printout. On August 21, 1990, appellees were indicted on two counts of theft in office in violation of R.C. 2921.41(A). On October 1, 1990, Sanchez filed a motion to dismiss the indictment, in which Linear later joined, on the ground that it failed to charge a crime under Ohio law. On January 2, 1991, the trial court heard oral arguments and, on January 3, 1991, heard testimony from Richard Jayne on behalf of appellant. Jayne testified that he is a Deputy Director of the Northwest Ohio Regional Information System ("NWORIS"), a criminal justice computer processing center servicing the Toledo Municipal Court, and

that NWORIS trained appellees not to disclose vehicle identification information to "unauthorized" persons. On January 31, 1991, the trial court filed its opinion and order dismissing the indictment and finding, in pertinent part, that the information disclosed by appellees "was a public record and defendants cannot be criminally prosecuted for adhering to a duty to make public records available to the public."

It is from this order that appellant brings this appeal.

In its sole assignment of error, appellant contends that the trial court erred in ordering the dismissal of the indictment against appellees because it charged them with conduct that is criminal under Ohio law. In support, appellant argues (1) appellees acted beyond the scope of their employment and authority in violation of R.C. 2913.04(B) when they accessed and gave the computer generated vehicle identification information to an unauthorized person, (2) appellees violated R.C. 2921.41(A)(1) and (2) by using their office to commit the offense and by using and/or taking government property, (3) appellees were not under a legal duty to make the vehicle identification information available to the public pursuant to R.C. 149.43 because that duty falls on the registrar of motor vehicles and not on the Toledo Municipal Court, and (4) even if the Toledo Municipal Court had a duty to make the vehicle identification information available to the public, that duty falls on the person responsible for the court's records, who, in this case, is Harry Kessler, Clerk of the Toledo Municipal Court, because he is the particular official charged by statute with the duty to oversee the records.

Appellees respond that vehicle identification information is a public record which appellees were compelled by law to make available to the public.

▮ The issue for this court to determine is whether clerks of the Toledo Municipal Court can be prosecuted for theft in office for responding to a request for vehicle identification information. Since no person may be punished for the mere doing of that which the law compels her to do, this court must determine, preliminarily, whether appellees had a legal duty, pursuant to R.C. 149.43, to make vehicle identification information available upon request.

The right to access public records is quite broad in Ohio.

" 'The rule * * * is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people; therefore anyone may inspect such records at any time, subject only to the limitation that such inspection does not endanger the safety of the record, or unreasonably interfere with the discharge of the duties of the officer having custody of the same.' " *Dayton Newspapers v. Dayton* (1976), 45 Ohio St.2d 107, 109, 74 O.O.2d 209, 211, 341 N.E.2d 576, 577–578, quoting

*State ex rel. Patterson v. Ayers* (1960), 171 Ohio St. 369, 371, 14 O.O.2d 116, 117, 171 N.E.2d 508, 509.

The public records rule has been codified by our legislature in R.C. 149.43, which provides, in pertinent part, as follows:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office * * *.

" * * *

"(B) All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * *"

■■ A record is kept by a governmental unit when it is utilized by that governmental unit " 'to carry out its duties and responsibilities.' " *State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 39, 550 N.E.2d 464, 466, quoting *State ex rel. Jacobs v. Prudoff* (1988), 30 Ohio App.3d 89, 92, 30 OBR 187, 190, 506 N.E.2d 927, 930. Since particular records can be so utilized simultaneously by different governmental units, the same records can be simultaneously "kept" by more than one governmental unit, all of which are required to make such records available for inspection. *Id.*, 49 Ohio St.3d at 40, 550 N.E.2d at 467. The Supreme Court of Ohio held, when R.C. 149.43 provided that a public record is "any record that is *required to be kept* by any governmental unit," that vehicle identification information "could reasonably be classified as 'public records' and required to be kept [by a municipal court] within the meaning of R.C. 149.43." *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 33, 20 OBR 279, 281, 485 N.E.2d 706, 710.[1] The Toledo Municipal Court is a governmental unit and as such, it has a duty, in the absence of any of the exceptions enumerated in R.C. 149.43(A), to make any record that is kept by it "available for inspection to any person." R.C. 149.43(A) and (B).

■■ As to whether appellees have a duty to make vehicle identification information available to the public, R.C. 149.43(C) provides that if a "person responsible" fails to do so, a writ of mandamus may issue to enforce compliance. R.C. 149.43(C).

---

1. We recognize that the documents at issue in *State ex rel. Mothers Against Drunk Drivers* were already generated and placed in files. This court, however, declines to distinguish the present case on this basis because of the broad policy as to public access expressed by our Supreme Court and because resort to the common definition of "keep" precludes any such construction. See Webster's Ninth New Collegiate Dictionary (1989) 658.

"When statutes impose a duty on a particular official to oversee records, that official is the 'person responsible' under R.C. 149.43(B)." *State ex rel. Mothers Against Drunk Drivers, supra,* paragraph two of the syllabus.

In the *Mothers Against Drunk Drivers* case, the Supreme Court determined that Jane B. Gosser, Clerk of the Miami County Municipal Court, "is the 'person responsible' under R.C. 149.43(B), and the person to whom a writ of mandamus may issue." *Id.* at 33, 20 OBR at 281, 485 N.E.2d at 710. In making that determination, the Supreme Court relied upon the duties imposed upon the clerk by R.C. 1901.30(B) and 1901.31(E). R.C. 1901.31 provides in its opening sentence that "[t]he clerk *and deputy clerks* of a municipal court shall * * * have powers and duties as follows." R.C. 1901.31(H) provides that "[e]ach deputy clerk * * * may perform the duties appertaining to the office of the clerk." It would contravene the clearly expressed legislative intent of R.C. 149.43 to hold that a court's clerk has a duty to make public records available, but not its deputy clerks.[2]

 Upon consideration of the entire record of proceedings that was before the trial court, and the law as set forth above, this court finds (1) the Toledo Municipal Court and its clerks have a duty pursuant to R.C. 149.43 to make vehicle identification information available for public inspection, (2) a clerk of the Toledo Municipal Court cannot be prosecuted for theft in office for making vehicle identification information available upon request, and (3) the trial court did not err in dismissing the indictments against appellees.

Accordingly, appellant's sole assignment of error is not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas dismissing the indictment against appellees, is affirmed. Costs assessed against appellant.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.

---

2. Since we find that a deputy clerk is "a person responsible" under R.C. 149.43(B), we need not determine whether appellees are appropriately included in the term "governmental unit." It should be noted, however, that R.C. 149.43(C) uses a conjunctive which "allows a mandamus action against *either* the governmental unit *or* the person responsible for a public record." (Emphasis *sic.*) *State ex rel. Mazzaro, supra,* 49 Ohio St.3d at 39, 550 N.E.2d at 467.