**POTCHEN, Appellant,**

v.

**KELLY et al., Appellees.**

[Cite as *Potchen v. Kelly* (1998), 130 Ohio App.3d 21.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73109.

Decided Sept. 21, 1998.

*John P. Tremsyn* and *Edgar H. Boles,* for appellant.

*John Kevin Kelly* and *Cerese Kelly, pro se.*

TERRENCE O'DONNELL, Judge.

Z. George Potchen appeals from an August 12, 1997 decision of the common pleas court, which ordered him to pay $32,000 to John and Cerese Kelly as a sanction for breaching a settlement agreement arising out of a forcible entry and detainer action that Potchen filed regarding property located at 605 Bassett Road in Bay Village, Ohio. Potchen contends that the court erred in entering its August 12, 1997 $32,000 sanction order against him because the court lacked jurisdiction to sanction him, the court violated his rights of due process, and the court erred in finding that he breached the terms of the settlement agreement. After a thorough review of the record and consideration of the arguments presented, we agree and reverse the decision of the trial court and vacate the sanction.

The history of the case reveals that on December 4, 1994, Potchen and the Kellys executed a cotenancy and lease agreement, under which Potchen agreed to sell the Kellys a fifty-percent interest in a Bay Village residence, and they agreed to pay him $33,130 as a down payment together with settlement charges of $5,720, and further agreed to pay $1,160 per month for a period of sixty months, with half of that payment being credited toward the purchase of the property and the remaining half credited toward lease of the premises. The agreement further provided the Kellys an option to purchase Potchen's remaining fifty-percent interest in the property in accordance with a specified payment schedule. The Kellys failed to make the monthly payments in March and April 1996, and as a result, Potchen filed a complaint for forcible entry and detainer in the Rocky

River Municipal Court. In response, the Kellys filed a counterclaim alleging fraud and seeking damages of $400,000, which caused the municipal court to certify the case to the common pleas court because the damages sought by the Kellys exceeded its jurisdictional limit.

Thereafter, on June 3, 1997, the parties entered into a settlement agreement, which the court journalized on that date, whereby Potchen agreed to pay $32,000 to the Kellys no later than August 2, 1997, the Kellys agreed to vacate the property by that date, and all parties agreed to keep the terms of the settlement confidential. However, in July 1997, Potchen received a notice of levy from the IRS ordering him to pay $32,000 to the IRS in satisfaction of the Kellys' outstanding tax delinquency. Subsequently, Potchen's counsel sent a letter to the Kellys advising them that Potchen intended to comply with the notice of levy.

The Kellys then filed motions for relief from judgment and for a stay of execution, arguing that Potchen breached the confidentiality provision of the settlement agreement. The court summarily denied these motions, but added the following language to its order: "However, as a sanction for violating the settlement agreement, plaintiff Z. George Potchen is ordered to pay directly to defendants John Kevin Kelly and C. Cerese Kelly the amount of $32,000.00 on or before 5 P.M. on Friday, August 15, 1997." Potchen thereafter filed this appeal from that sanction order and also filed a separate interpleader case in the common pleas court seeking a determination as to whether he should pay $32,000 to the IRS or to the Kellys. The IRS then removed that matter to the United States District Court for the Northern District of Ohio, and Potchen deposited $32,000 into the district court's registry, which that court subsequently ordered him to pay to the Internal Revenue Service in satisfaction of the notice of levy regarding the Kellys' tax delinquency.

The matter presented for our review here concerns Potchen's appeal from the common pleas court's sanction order entered in the forcible entry and detainer case; he raises three assignments of error, which state:

I

"The trial court erred to Potchen's prejudice when it entered its order on August 12, 1997, that 'as a sanction for violating the settlement agreement, plaintiff Z. George Potchen is ordered to pay directly to defendants John Kevin Kelly and C. Cerese Kelly the amount of $32,000.00 before 5 p.m. on August 15, 1997' because said order is in derogation of controlling federal law which preempts the subject."

## II

"The trial court erred to the prejudice of Potchen by entering its August 12, 1997 order of sanctions as it was issued without due process of law and the procedural requirements of Ohio Revised Code, Section 2705.03, *et seq.*"

## III

"The trial court erred to Potchen's prejudice by entering an order to the effect that Potchen had 'violate[d] the settlement agreement' whether that alleged violation was nonpayment of the settlement funds directly to the Kellys or an alleged breach of the confidentiality provision of the settlement agreement."

Potchen contends that the trial court erred in imposing the $32,000 sanction against him, alleging that the IRS levy deprived the common pleas court of its jurisdiction to impose the sanction, that the court denied him procedural due process by sanctioning him without giving him notice or an opportunity to be heard, and that he did not violate the confidentiality or payment terms of the settlement agreement because the court's journalization made it a public record, and because he only paid the money into the United States District Court pursuant to an IRS notice of levy and that court directed the payment of the funds.

The Kellys urge that the trial court properly ordered Potchen to pay $32,000 to them as a sanction for his contempt of court, arguing that the court found Potchen in direct contempt rather than indirect contempt and, therefore, had no obligation to comply with statutory due process requirements. They further allege that Potchen breached the settlement agreement by informing the IRS of its terms, and by failing to pay them $32,000 by August 2, 1997 despite the IRS levy.

The issue then presented for our review concerns whether the trial court erred when it sanctioned Potchen and ordered him to pay $32,000 to the Kellys.

Regarding Potchen's first assignment of error concerning the trial court's jurisdiction, we recognize that the Supreme Court in *State ex rel. Johnson v. Perry Cty. Court* (1986), 25 Ohio St.3d 53, 25 OBR 77, 495 N.E.2d 16, stated:

"A court created by the constitution has inherent power to define and punish contempts, such power being necessary to the exercise of judicial functions." *Id.* at 54, 25 OBR at 78, 495 N.E.2d at 18.

Further, R.C. 2705.02(A) provides a court with authority to punish contempt, defined as "[d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer."

■ Here, the record reveals that the trial court purportedly sanctioned Potchen for violating the terms of the journalized settlement agreement. Pursuant to *State ex rel. Johnson v. Perry Cty. Court, supra,* and R.C. 2705.02(A), the trial court had jurisdiction to punish contempt upon a proper contempt finding. We, therefore, overrule this assignment of error.

Regarding Potchen's second assignment of error concerning alleged due process violations, R.C. 2705.03 provides:

"In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel."

Further, in this regard the Supreme Court in *State ex rel. Seventh Urban, Inc. v. McFaul* (1983), 5 Ohio St.3d 120, 5 OBR 255, 449 N.E.2d 445, stated:

■ "Where judges have no personal knowledge of the alleged act of contempt because of its commission beyond the court's actual physical presence, the procedure outlined in R.C. 2705.03, requiring a written charge, an adversary hearing upon the issues, and an opportunity for the accused to be represented by counsel, should be strictly adhered to." *Id.* at 122, 5 OBR at 257, 449 N.E.2d at 447.

Finally, R.C. 2705.05(A) requires the court to conduct a hearing in contempt proceedings, and further provides that for a first offense, the court may impose a fine of not more than $250, a definite term of not more than thirty days in jail, or both.

■ Here, it is not disputed that the trial judge failed to file a written contempt charge against Potchen with the clerk of court, or to conduct a hearing on the matter. Further, the court sanctioned Potchen $32,000 instead of the maximum $250 fine. We, therefore, conclude that the court denied Potchen procedural due process and sustain this assignment of error.

■ Regarding Potchen's third assignment of error relating to violating the terms of the settlement agreement, the Supreme Court in *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 20 OBR 279, 485 N.E.2d 706, held that any document pertaining to court proceedings is a public record. Further, R.C. 149.43(B) provides that public records shall be disclosed to any person.

■ Here, the trial court itself journalized the settlement agreement as part of the court's own entry, thereby creating a public record. Hence, the document lost any indicia of privacy at that time. Further, having taken judicial notice of the July 13, 1998 order of the United States District Court, we recognize that

Potchen did not pay the IRS voluntarily but, rather, complied with that court's order. Therefore, this assignment of error is well taken.

Accordingly, we reverse the decision of the common pleas court in this regard and vacate the sanction.

*Judgment accordingly.*

PORTER, P.J., and MICHAEL J. CORRIGAN, J., concur.