OPINION
Warren Smith appeals from a judgment of the Greene County Court of Common Pleas, which classified him as a sexual predator.
On July 29, 1994, Smith was convicted of one count of gross sexual imposition, three counts of rape, and seven counts of corruption of a minor. He was sentenced to two years on the count of gross sexual imposition, five to twenty-five years on each count of rape, and two years on each count of corruption of a minor. The sentences for two of the rape counts were to be served consecutively. The sentences for the remaining counts were to be served concurrently with each other and with the two consecutive sentences for rape. We affirmed his conviction in part and reversed in part in State v. Smith (Nov. 8, 1995), Greene App. No. 94-CA-86, unreported, reversing and vacating only his conviction for gross sexual imposition.
On July 31, 1997, the Ohio Department of Rehabilitation and Correction ("DRC") sent a letter to the trial judge that had sentenced Smith to inform the court that it had recently screened Smith pursuant to House Bill 180 and that it recommended that he be classified as a sexual predator.
On August 6, 1997, the trial court filed a Notice of Consideration of Sexual Predator Status. This notice was sent to Smith to inform him that he was being considered for sexual predator classification. The entry was also sent to the Greene County prosecutor and asked the prosecutor to determine whether he wished to pursue the DRC's recommendation that Smith be classified as a sexual predator. The entry stated that if the prosecutor decided to pursue the DRC's recommendation, he needed to file a petition with the court within thirty days to ask the court to schedule a hearing on the matter.
On August 27, 1997, the prosecutor filed a petition with the court asking it to pursue the DRC's recommendation. The trial court stayed action on the prosecutor's petition until after the Supreme Court of Ohio addressed the constitutionality of the sexual predator statute in State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, which was decided on September 30, 1998.
On November 4, 1999, Smith filed a motion to dismiss the state's petition, arguing that R.C. 2950.09 violates the United States and Ohio Constitutions. The trial court denied his motion. After a hearing, the trial court determined that the state had proven by clear and convincing evidence that Smith should be classified as a sexual predator.
Smith now appeals the trial court's judgment. Specifically, he argues that the trial court erred in denying his motion to dismiss. He advances four assignments of error on appeal.
 I. [R.C.] 2950.09(C) VIOLATES THE SEPERATION [sic] OF POWERS DOCTRINE SET FORTH IN THE UNITED STATES AND OHIO CONSTITUTIONS BOTH ON ITS FACE AND AS APPLIED.
Smith argues that R.C. 2950.09(C) violates the separation of powers doctrine because it "authorizes the [DRC] to make a determination using the same statutory criteria the judge uses to make his determination." Smith relies on White v. Konteh (Mar. 23, 1999), Trumbull App. No. 99-T-0020, unreported[1] to support his argument.
In Konteh, the Eleventh District Court of Appeals addressed the constitutionality of R.C. 2967.11, which allows a parole board to make a final decision as to whether a prisoner has violated a state or federal law while incarcerated and to impose additional prison time, i.e., bad time, to the prisoner's original term of incarceration. Id. The court concluded that the statute was unconstitutional because it "violate[d] the doctrine of the separation of powers because it allow[ed] a non-judicial agency [the parole board] to perform the judicial function of trying an individual for a criminal offense and imposing sentence." Id.
Smith argues that R.C. 2950.09(C) violates the doctrine of the separation of powers because it allows the DRC, a non-judicial agency, to perform the judicial function of considering whether an offender should be classified as a sexual predator.
R.C. 2950.09 states, in part, as follows:
 (C)(1) If a person was convicted of * * * a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the [DRC] shall determine whether to recommend
that the offender be adjudicated as being a sexual predator.
 (2)(a) If, pursuant to division (C)(1) of this section, the [DRC] sends to a court a recommendation that an offender who has been convicted of * * * a sexually oriented offense be adjudicated as being a sexual predator, the court is not bound by the [DRC]'s recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing[.]
(Emphasis added.) In Konteh, the statute allowed the parole board to make the final determination as to whether a prisoner had violated a law. Under R.C. 2950.09(C), the DRC makes a recommendation to the court, not a final determination. Further, R.C. 2950.09(C)(2)(a) clearly states that the trial court is not bound by the DRC's recommendation but can, in fact, deny that recommendation. See State v. Clark (Mar. 29, 1999), Clermont App. No. CA98-11-103, unreported. The DRC's authority to make a recommendation to the trial court no more violates the doctrine of separation of powers than does a prosecutor's authority to bring criminal charges against an accused. Smith's argument is not persuasive.
The first assignment of error is overruled.
II. [R.C.] 2950.09(C) DENIES APPELLANT PROCEDURAL DUE PROCESS[.]
Smith argues that R.C. 2950.09(C)(1) violates the requirements of procedural due process because the offender is not notified of the "initial judicial determination" by the DRC prior to its occurrence.
R.C. 2950.09(C)(1) requires that the DRC determine whether to recommend that an imprisoned sexually oriented offender be classified as a sexual predator. If the DRC determines that a recommendation should be made, it sends the recommendation to the trial court that sentenced the offender. After a court receives a DRC recommendation, it "may deny the recommendation and determine that the offender is not a sexual predator without a hearing butshall not make a determination that the offender is a sexualpredator in any case without a hearing." (Emphasis added.) R.C.2950.09(C)(2)(a). Thus, the DRC makes a recommendation only; the court makes the judicial determination.
"Procedural due process guarantees an affected individual the right to some form of hearing, with notice and an opportunity to be heard, before that individual is divested of a protected interest." State v. Ward (1999), 130 Ohio App.3d 551, 557,720 N.E.2d 603, 607.
R.C. 2950.09(C)(2)(b) provides, in part:
 If the court schedules a hearing * * *, the court shall give the offender * * * notice of the date, time, and place of the hearing. If the hearing is to determine whether the offender is a sexual predator, it shall be conducted in the manner described in division (B)(1) of this section[.]
R.C. 2950.09(B)(1) provides, in part:
 At the hearing, the offender * * * shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent [him].
This statute "fully comports with procedural due process" because it protects an offender's right to a hearing by giving him notice and an opportunity to be heard. Ward, 130 Ohio App.3d at 558,720 N.E.2d at 608; State v. Holliday (June 23, 1999), Lorain App. No. 97CA006931, unreported. Furthermore, Smith does not argue that he was not given notice of the sexual predator hearing or that he was denied an opportunity to be heard and the record reflects that Smith did attend the sexual predator hearing and that he was given an opportunity to be heard. The fact that the statute does not provide for prior notice of the DRC's recommendation does not render the statute constitutionally infirm where the statute does provide for prior notice and hearing before an offender may be determined to be a sexual predator by the court. Thus, his argument is not persuasive.
Smith also argues that R.C. 2950.09(C)(1) violates the requirements of procedural due process because the DRC is not a neutral magistrate.
"It is a fundamental tenet of due process that the decision to restrict an individual's freedom can only be made by a neutral magistrate, not by law enforcement officials whose primary purpose is to place offenders in jail[.]" Konteh, supra. As we statedsupra, however, the statute does not empower the DRC to make a judicial determination. The DRC only makes a recommendation and the trial judge, a neutral magistrate, makes the judicial determination regarding whether the offender should be classified as a sexual predator.
The second assignment of error is overruled.
III. [R.C.] 2950.09(C) DENIES APPELLANT SUBSTANTIVE DUE PROCESS[.]
Smith argues that pursuant to R.C. 2950.09(C)(2), an offender is not given notice "until after the Court has conducted a `judicial review' of the recommendation of the [DRC]." He states that, in conducting this "judicial review," the court is permitted to deny the DRC's recommendation without a hearing. He argues that although "the statute will not allow the Court to proceed further without a hearing, it doesn't take much imagination to arrive at the conclusion that the Court will not schedule a hearing to determine whether [the offender] is a sexual predator until the Court has already determined the [offender] is a sexual predator in its [`judicial review'] of the matter." Smith's arguments more closely relate to the requirements of procedural due process than the requirements of substantive due process.
A court's decision to deny a DRC recommendation without a hearing would not harm the offender's rights of procedural due process. A trial court's decision to schedule a hearing after it received a DRC recommendation does not mean that the court has prejudged the case. The court holds the hearing to allow the offender and the prosecutor to present evidence to demonstrate whether the offender should be classified as a sexual predator. Further, as we concluded supra, Ohio's sexual predator statute does not violate the requirements of procedural due process because it requires that the defendant be given adequate notice and an opportunity to be heard.
Ohio's sexual predator law also complies with the requirements of substantive due process because the statute advances the legislature's goal of protecting the public and is not arbitrary, discriminatory, capricious, or unreasonable. State v. Lee (1998),128 Ohio App.3d 710, 716, 716 N.E.2d 751, 754-755; State v. Lance
(Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported, affirmed (1998), 84 Ohio St.3d 17, 701 N.E.2d 692.
The third assignment of error is overruled.
 IV. THE COURT'S ATTEMPT TO DEAL WITH THE PROCEDURAL [sic] AND SUBSTANTIVE DUE PROCESS VIOLATES THE SEPARATION [sic] OF POWERS[.]
Smith argues that the trial court violated the doctrine of separation of powers when it referred the DRC's recommendation to the prosecutor for his review and gave him thirty days to prepare a petition to pursue the DRC's recommendation. Smith states that by referring DRC recommendations to the prosecutor's office, the trial court "judicially amend[ed] the statute." He argues that a trial court cannot amend a statute by enacting such a procedural rule because "the explicit requirement of the statute would be in conflict with such a rule." In support of his argument, Smith cites State ex rel. Mothers Against Drunk Drivers v. Gosser
(1985), 20 Ohio St.3d 30, 485 N.E.2d 706.
In Gosser, the Miami County Municipal Court adopted a local rule which prevented Mothers Against Drunk Drivers from accessing certain information in court files. Id. at 30-31,485 N.E.2d at 708. The supreme court concluded that the local rule conflicted with R.C. 149.43(B), which allowed public access to public records, and R.C. 1901.31(E), which required the clerk to file and safely keep such court records. Id. at 33-34, 485 N.E.2d at 710. The court invalidated the local rule, holding that "[a] local rule of court cannot prevail when it is inconsistent with the expressrequirements of a statute." (Emphasis added.) Id. at paragraph three of the syllabus.
R.C. 2950.09(C)(2) allows the court to review a DRC recommendation; it does not expressly state that the recommendation can be reviewed only by the trial court. The statute does expressly require that the court schedule a hearing before determining that an offender should be classified as a sexual predator. Thus, the trial court's referral of DRC recommendations to the prosecutor is not inconsistent with the express requirements of the statute.
The trial court's addition of the extra step of requiring the state to determine whether to pursue the DRC's recommendation also does not affect the underlying constitutionality of the statute. The defendant's constitutional rights are not harmed by this additional step because the trial court still holds a hearing, as the statute requires, and still makes the final determination of whether the offender should be classified as a sexual predator.
The fourth assignment of error is overruled.
The judgment of the trial court will be affirmed.
GRADY, P.J. and YOUNG, J., concur.
[1] This case is currently before the Supreme Court of Ohio on direct appeal at case number 99-542. The case was orally argued before the court on November 30, 1999.