JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Ganley Chevrolet, Inc. (Ganley) appeals the trial court's denial of its motion to stay proceedings pending arbitration. Ganley argues that the trial court erred by not conducting a hearing prior to denying the motion. We find merit to the appeal and reverse and remand.
 {¶ 2} Christina Herman filed a seven-count complaint on January 18, 2002, alleging that on September 30, 2001, she entered into an agreement with Ganley for the lease of a 2002 Chevrolet Blazer. Under the terms of the lease as alleged in the complaint, she would receive $3,200 on her trade-in vehicle and a $1,000 rebate, and she would pay $588 as an up-front payment and $356.94 per month for sixty-six months.
 {¶ 3} Herman alleged that the lease agreement was contingent upon her obtaining financing through Provident Bank. She further claimed that on October 1, 2001, she was informed by Ganley that she was not approved for financing with Provident Bank.
 {¶ 4} Herman claimed that when she was told that Provident Bank did not approve her financing, she informed Ganley that she no longer wanted to proceed with the lease transaction. According to her complaint, Ganley employees told her that she was required to proceed with the lease transaction. She was approved for financing with Huntington Bank at different terms than the original lease agreement. Herman also alleged that Ganley employees told her that her trade-in vehicle was already "gone," despite the fact that she had not yet transferred title to the vehicle.
 {¶ 5} Herman also claimed that Ganley employees forced, pressured, and/or coerced her into signing a new lease agreement despite her reluctance. The new lease agreement, according to Herman, substantially differed from the first one.
 {¶ 6} Ganley moved to stay the proceedings pending arbitration, attaching an incomplete copy of the lease agreement to its motion. In response, Herman argued that the arbitration clause was on one page within multiple pages, presented to her for her signature. She argued that the document was invalid and obviously incomplete and should not be enforceable.
 {¶ 7} The trial court denied the motion to stay the proceedings, finding that there was insufficient evidence that "Herman knew or voluntarily assented to binding arbitration, that Herman made a knowledgeable, meaningful choice, or that any true agreement ever existed between Herman and Ganley to submit any disputes to arbitration." (Trial court opinion at 5).
 {¶ 8} In response, Ganley filed a Civ.R. 60(B) motion requesting that the trial court vacate its decision because the court failed to conduct a hearing prior to making its ruling as mandated by R.C. 2711.03. The trial court denied the motion and stated in its journal entry:
 {¶ 9} "With regard to defendant Ganley Chevrolet, Inc.'s motion filed March 21, 2002 for relief from judgment (Rule 60B), in conformity with Kitty L. Silres [sic] et. al. v. Ganley Pontiac Honda, et al., 2001 WL 1075726 Case No. 79015 (8th District Ohio Court of Appeals, 9/13/01) the motion for relief from judgment is denied. it is noted further that defendant did not request an oral hearing when it filed its motion to stay proceeding and that defendant did not present in its motion facts showing a basis for staying the arbitration Proceedings."
 {¶ 10} Ganley raises two assignments of error on appeal.
 {¶ 11} In its two assignments of error, Ganley argues that the trial court erred by not conducting a hearing prior to ruling on the motion to stay proceedings as mandated by R.C. 2711.03.
 {¶ 12} R.C. 2711.02 provides, in relevant part:
 {¶ 13} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issues has been had in accordance with the agreement * * *."
 {¶ 14} R.C. 2711.03 states:
 {¶ 15} "The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas * * * for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided for the service of a summons. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine such issue. * * *"
 {¶ 16} As a matter of public policy, Ohio law favors arbitration as a "relatively expeditious and economical" dispute resolution mechanism. Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,711-712. Generally, the issue of whether a controversy is arbitrable under the provisions of a written contract is a question of law for the trial court to decide. Gibbons-Grable Co. v. Gilbane Bldg. Co. (1986),34 Ohio App.3d 170. However, it is axiomatic that "a party cannot be compelled to arbitrate a dispute that it has not agreed to arbitrate."Piqua v. Ohio Farmers Ins. Co. (1992), 84 Ohio App.3d 619, 621. Accordingly, Ohio courts have determined that, pursuant to R.C. 2711.03, a trial is contemplated "when the making of the arbitration agreement or the failure to perform it is in issue." Divine Constr. Co. v.Ohio-American Water Co. (1991), 75 Ohio App.3d 311, 316-318; Schroederv. Shearson, Lehman Hutton, Inc. (Apr. 25, 1991), Cuyahoga App. No. 60236; Sexton v. Kidder Peabody Co., Inc., (Mar. 7, 1996), Cuyahoga App. No. 69093.
 {¶ 17} This court has repeatedly held that the trial court must conduct a hearing prior to denying the motion to stay arbitration proceedings based on the invalidity of the arbitration clause. See Maestlev. Best Buy Co., Cuyahoga App. No. 79827, 2002-Ohio-3769; Poling v.American Suzuki Motor Corp. and Ganley, Inc. (Sept. 13, 2001) Cuyahoga App. No. 78577; Dunn v. LM Building, Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203. We therefore adhere to this prior precedent in finding the trial court erred in failing to conduct a hearing prior to denying Ganley's motion to stay.
 {¶ 18} We note that the trial court relied on a decision from this court, Sikes v. Ganley Pontiac Honda (Sept. 13, 2001), Cuyahoga App. No. 79015, in finding that no hearing is required prior to denying the motion to stay. However, in Sikes, this court relied solely on Court of Common Pleas Local Rule 11(A) and never considered R.C. 2711.03. We must follow the general principle that a local rule cannot prevail when it is inconsistent with the express requirements of a statute. State ex rel.Mothers Against Drunk Drivers v. Gosser (1985), 20 Ohio St.3d 30. R.C.2711.03 clearly states that the trial court "shall hear" the matter. Sikes also found that, pursuant to Civ.R. 7(B), the court can make provision by rule or order for the determination of motions without oral hearing upon the submission of brief written statements. However, in the instant case, the court made no such rule or order that it would decide the matter solely on the briefs prior to issuing its decision.
 {¶ 19} We find that the trial court erred by failing to conduct a hearing and reverse and remand for further proceedings consistent with this opinion.
 {¶ 20} Ganley's assignments of error are sustained.
Judgment reversed and cause remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. CONCURS; TIMOTHY E. McMONAGLE, A.J. CONCURSIN JUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).