THE STATE EX REL. HIGHLANDER *v.* RUDDUCK, JUDGE, ET AL.

[Cite as *State ex rel. Highlander v. Rudduck,*
103 Ohio St.3d 370, 2004-Ohio-4952.]

(No. 2004–1189—Submitted August 26, 2004—Decided September 23, 2004.)

**Per Curiam.**

{¶ 1} By assignment, respondent Judge John W. Rudduck presided over *Bubp v. Bubp,* case No. 2001–0460–DRB, a divorce case filed in the Adams County Court of Common Pleas, Domestic Relations Division. On January 3, 2003, Judge Rudduck sealed the entire record of the *Bubp* divorce case, including pleadings, filings, and transcripts. Judge Rudduck sealed the record upon an agreed judgment entry after being "informed that sealing of such records has traditionally been permitted in the Adams County Court." Relator, Sharon Highlander, counters that the sealing of divorce records was an unwritten and informal court policy "at best."

{¶ 2} In May 2004, Highlander, through counsel, requested that respondents, Judge Rudduck and Adams County Clerk of Courts Gary Gardner, provide her with access to "[a]ll pleadings, filings, transcripts and record of proceedings in the case of *Bubp v. Bubp,* Case No. 2001–0460–DRB, in the Adams County Court of Common Pleas, Domestic Relations Division." In her request, Highlander stated that she understood "that certain information will likely need to be redacted, *e.g.,* social security numbers."

{¶ 3} Two days later, Judge Rudduck filed an entry offering the parties in the divorce case an opportunity to file objections to Highlander's public-records request. On May 28, 2004, the plaintiff in the divorce case, Danny R. Bubp ("Bubp"), filed objections. He claimed that the sealing of divorce records had been the practice of the Adams County court for over 50 years. Bubp's ex-wife did not object to Highlander's request.

{¶ 4} On June 4, 2004, Judge Rudduck vacated his January 3, 2003 order by filing an entry unsealing the *Bubp* divorce records. Judge Rudduck concluded that Bubp had presented no legal basis to keep the record sealed and that the Public Records Act controlled. To allow time for Bubp to appeal from the entry, Judge Rudduck delayed the unsealing until June 21, 2004.

{¶ 5} On June 18, 2004, Bubp appealed from Judge Rudduck's entry to the Court of Appeals for Adams County. On the same date, Bubp moved the common pleas court to stay the entry to unseal the records in his divorce case. On June 21, 2004, because of Bubp's appeal, Judge Rudduck stayed his June 4, 2004 order directing Gardner to unseal the divorce records. Judge Rudduck ordered Gardner "to keep all records filed in this case sealed, and not make them available for public review and inspection, until further Order of the Court."

{¶ 6} On July 22, 2004, Highlander filed this action for a writ of mandamus to compel respondents to make the *Bubp* divorce records immediately available for inspection and copying pursuant to R.C. 149.43, Ohio's Public Records Act. Highlander also requests an award of attorney fees. On August 16, 2004, respondents moved to dismiss, and on August 20, 2004, Highlander filed a memorandum in opposition to respondents' motion for dismissal and a request for immediate issuance of a peremptory writ.

{¶ 7} This cause is now before us for our S.Ct.Prac.R. X(5) determination.

## Standard of Review

{¶ 8} Under S.Ct.Prac.R. X(5), we must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. *State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 9. Dismissal is required when it appears beyond doubt, after presuming the truth of all material factual allegations of the complaint and making all reasonable inferences in Highlander's favor, that she is not entitled to the requested extraordinary relief in mandamus. *State ex rel. Satow v. Gausse–Milliken*, 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, ¶ 11. If, however, after so construing Highlander's complaint, it appears that her mandamus claim may have merit, an alternative writ should be granted and a schedule for the presentation of evidence and briefs should be issued. *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 13. Finally, if the pertinent facts are uncontroverted and it appears beyond doubt that Highlander is entitled to the requested writ, we will issue a peremptory writ of mandamus. See, e.g., *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, ¶ 30.

## Application of Standard of Review to Mandamus Claim

{¶ 9} Respondents "agree with all of the material facts set out by [Highlander] in her petition for writ of mandamus." For the following reasons, based on these uncontroverted facts, Highlander has established her right to the requested peremptory writ of mandamus.

{¶ 10} Respondents do not contend that the requested divorce records either do not constitute records or are exempt from disclosure under R.C. 149.43. "[A]ny

record used by a court to render a decision is a record subject to R.C. 149.43." *State ex rel. WBNS TV, Inc. v. Dues,* 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 27.

{¶ 11} Although properly sealed court records are excepted from disclosure and releasing sealed records is a fourth-degree misdemeanor pursuant to R.C. 2953.55(B), the records here were not sealed under R.C. 2953.52 or other applicable statutory authority. Cf. *State ex rel. Cincinnati Enquirer v. Winkler,* 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 6. No contrary local rule of the Adams County Common Pleas Court can prevail over R.C. 149.43. *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 33–34, 20 OBR 279, 485 N.E.2d 706; *Herman v. Ganley Chevrolet, Inc.,* Cuyahoga App. Nos. 81143 and 81272, 2002-Ohio-7251, 2002 WL 31875969.

{¶ 12} Moreover, Judge Rudduck held that Highlander was entitled to access to the *Bubp* divorce records in his June 4, 2004 entry unsealing those records.

{¶ 13} Respondents instead assert that because the court of appeals, not they, now has custody and control of these records, the judge and clerk are not the proper respondents for Highlander's mandamus claim. Respondents' assertion lacks merit.

{¶ 14} R.C. 149.43(C) authorizes mandamus actions against persons responsible for public records. "The law does not require that the action be brought against the person *ultimately* responsible for the records, but requires suit against *a person responsible for them.*" (Emphasis sic.) *State ex rel. Cincinnati Post v. Schweikert* (1988), 38 Ohio St.3d 170, 174, 527 N.E.2d 1230. Gardner is the clerk of both the common pleas court and the court of appeals. See R.C. 2501.16(A) ("The clerk of the court of common pleas [acts] as the clerk of the court of appeals for the county * * *").

{¶ 15} Gardner is a "person responsible" for the requested records. R.C. 149.43(B)(1). "When statutes impose a duty on a particular official to oversee records, that official is the 'person responsible'" under the Public Records Act. *Mothers Against Drunk Drivers,* 20 Ohio St.3d 30, 20 OBR 279, 485 N.E.2d 706, paragraph two of the syllabus. As the clerk of both courts, Gardner is required by statute to maintain the courts' records, including the divorce records requested by Highlander here. See R.C. 2303.09 ("The clerk of the court of common pleas shall file together and carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding"); R.C. 2501.16(A) ("The clerk of the court of common pleas, acting as the clerk of the court of appeals for the county * * * shall maintain the files and records of the court").

{¶ 16} Judge Rudduck is also a "person responsible" for the requested records because he controlled the public's right to access these records. The sole reason that Gardner has not released the records to Highlander is that Judge Rudduck

stayed his June 4, 2004 order directing Gardner to unseal the requested divorce records.

{¶ 17} Furthermore, Gardner had custody and Judge Rudduck had control over the requested records when Highlander requested them. See *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 40 (school superintendent is a proper respondent in a public-records mandamus action because he had custody and control over the requested records when relator requested them).

{¶ 18} In addition, despite respondents' claims that we should defer to the court of appeals, Bubp's pending appeal from Judge Rudduck's order unsealing the divorce records does not preclude Highlander's claim for a writ of mandamus. We have consistently held that mandamus is the appropriate remedy to seek compliance with the Public Records Act under R.C. 149.43. *State ex rel. Beacon Journal Publishing Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180, ¶ 50. The mere fact that the relator in a public-records mandamus case is also a party or may be joined as a party in a pending action does not preclude the mandamus claim. See *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581–582, 669 N.E.2d 835 (pending declaratory judgment action against relator on same subject did not preclude mandamus claim to compel county coroner to permit public inspection and copying of records); *State ex rel. Dist. 1199, Health Care & Social Serv. Union, SEIU, AFL–CIO, v. Lawrence Cty. Gen. Hosp.* (1998), 83 Ohio St.3d 351, 354, 699 N.E.2d 1281 (pending declaratory judgment action brought by respondent to resolve issue of whether it was a "public office" subject to public records disclosure requirements did not preclude mandamus claims based on R.C. 149.43).

{¶ 19} Adopting respondents' argument would accord a status to judicial records different from the status of nonjudicial records. The plain language of R.C. 149.43(C), however, makes no such distinction, and we will not imply one. That statute permits a person allegedly aggrieved by the failure of any public office to afford access to a public record to "commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply" with the Public Records Act. Consequently, a person aggrieved by the failure of a court to provide access to its public records is not relegated to the appellate process to seek relief.

{¶ 20} Therefore, Highlander has established her entitlement to the requested writ of mandamus.

## Attorney Fees

{¶ 21} Highlander also requests an award of attorney fees. In determining a relator's right to attorney fees under R.C. 149.43(C), " 'courts consider the

reasonableness of the government's failure to comply with the public records request and the degree to which the public will benefit from release of the records in question.'" *State ex rel. WBNS TV, Inc. v. Dues,* 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 47, quoting *State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 54, 689 N.E.2d 25.

{¶ 22} Highlander has established a sufficient public benefit. She alleges that Bubp is "presently a candidate for a high profile public office, specifically, state representative." Respondents have conceded the truth of the material facts in Highlander's petition. The requested records may be relevant to the electorate's consideration of Bubp's candidacy for public office. Cf. *Consumer News,* 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 53 ("The public has an unquestioned interest in the qualifications of potential applicants for positions of authority in public employment").

{¶ 23} Nevertheless, respondents could have reasonably determined that sealing the records while affording Bubp the opportunity to appeal from the decision to unseal them was appropriate. Although this determination was ultimately meritless, we do not find that respondents lacked any reasonableness in doing so.

{¶ 24} Therefore, we deny Highlander's request for attorney fees.

## Conclusion

{¶ 25} Based on the foregoing, it appears beyond doubt based upon the uncontroverted material facts that Highlander is entitled to the requested peremptory writ of mandamus. We note, however, that in accordance with Highlander's request, Judge Rudduck should promptly make any appropriate redactions, e.g., Social Security numbers, before releasing the records. Consequently, because there is no reason to delay granting the writ, we grant a peremptory writ of mandamus. We deny Highlander's request for attorney fees.

Writ granted.

MOYER, C.J., F.E. SWEENEY, PFEIFER and O'DONNELL, JJ., concur.

RESNICK, J., concurs in part and dissents in part.

LUNDBERG STRATTON, J., concurs with the denial of attorney fees but would deny the writ.

O'CONNOR, J., dissents.

———

ALICE ROBIE RESNICK, J., **concurring in part and dissenting in part.**

{¶ 26} I agree with the majority opinion except that I would award attorney fees to relator as the prevailing party under R.C. 149.43(C). See *State ex rel.*

*Gannett Satellite Information Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 268, 685 N.E.2d 1223 (Resnick, J., concurring); *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 175–178, 661 N.E.2d 1049 (F.E. Sweeney, J., concurring in part and dissenting in part).

———

Law Firm of Curt C. Hartman and Curt C. Hartman, for relator.

David Kelley, Adams County Prosecuting Attorney, and Mark R. Weaver, Assistant Prosecuting Attorney, for respondents.