JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Following a trial, defendant-appellant Margaret Stricker was found guilty of failing to stop at a stop sign.
The first and second assignments of error, which essentially allege that the trial court's judgment was based upon insufficient evidence and against the manifest weight of the evidence, are overruled. We hold, viewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt. See State v.Hughbanks, 99 Ohio St.3d 365, 2003-Ohio-4121, 792 N.E.2d 1081, citingState v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. We hold further that the trial court did not lose its way and create a manifest miscarriage of justice. See State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541; State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717. The record does not demonstrate any confusion on the part of the trial court about what was depicted in the photographs submitted by Stricker.
The third assignment of error is overruled because the trial court did not abuse its discretion in granting Stricker a stay to pay her fine until September 1, 2004, rather than a stay of execution pending appeal. Further, the record reveals that the capias was recalled.
The fourth assignment of error is overruled because Stricker cannot show any prejudice. She appeared in court on the correct date.
The fifth assignment of error is overruled because, pursuant to R.C.149.43, the trial court did not err in denying Stricker's motion to exclude her citation from the Hamilton County Clerk of Court's website. See State ex rel. Mothers Against Drunk Driving v. Gosser (1985),20 Ohio St.3d 30, 485 N.E.2d 706; In re Estate of Englehardt,127 Ohio Misc.2d 12, 2004-Ohio-825, 804 N.E.2d 1052; 2000 Ohio Atty. Gen. Ops. No. 2000-046.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Hendon, JJ.