IN RE DISQUALIFICATION OF CLARK.

WEE CARE CHILD CENTER, INC. ET AL. *v.* OHIO DEPARTMENT OF JOB AND

FAMILY SERVICES ET AL.

[Cite as *In re Disqualification of Clark,*

127 Ohio St.3d 1235, 2009-Ohio-7200.]

*Judges — Affidavit of disqualification — Disqualification dismissed.*

(No. 09-AP-085 — Decided October 31, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in the Court of Claims of Ohio,

Case No. 2008-11397.

_____

**MOYER, C.J.**

{¶ 1}   H. Macy Favor Jr., counsel for the plaintiffs, has filed an affidavit with the clerk of this court seeking the disqualification of Judge Joseph T. Clark from further proceedings in case No. 2008-11397 in the Court of Claims of Ohio.

{¶ 2}   Favor's affidavit of disqualification was filed pursuant to Rule 5(E) of the Local Rules of the Court of Claims of Ohio, which provides that "[a]ffidavits of bias and prejudice filed against judges of the court of claims shall be processed in accordance with R.C. 2701.03." In turn, R.C. 2701.03 governs the disqualification of judges of the court of common pleas. R.C. 2701.03 sets forth the procedures for filing an affidavit to disqualify a common pleas court judge, and those same procedures apply to affidavits of disqualification filed against probate and court of appeals judges under R.C. 2101.39 and 2501.13. See R.C. 2701.03(B) through (E). There is no provision, however, in R.C. 2701.03 for the disqualification of judges of the Ohio Court of Claims.

{¶ 3}   It is well settled that a local rule of court cannot prevail when it is inconsistent with the express provisions of a statute. See *State ex rel. Mothers*

*Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 20 OBR 279, 485 N.E.2d 706, paragraph three of the syllabus. My statutory authority under R.C. 2701.03(A) allows me to disqualify "a judge of the court of common pleas." R.C. 2701.03 does not permit the chief justice to rule on allegations of bias and prejudice made against judges of the Court of Claims. Because Court of Claims Local Rule 5(E) purports to expand the authority of the chief justice beyond that contemplated by R.C. 2701.03, it conflicts with the statute. Thus, to the extent that Local Rule 5(E) is inconsistent with R.C. 2701.03, it is invalid.

{¶ 4} Accordingly, Local Rule 5(E) cannot operate to authorize the filing of an affidavit of disqualification pursuant to R.C. 2701.03 against a judge of the Court of Claims. Therefore, the affidavit of disqualification is dismissed. The case may proceed before Judge Clark.

_____