The STATE ex rel. The CINCINNATI ENQUIRER, DIVISION OF GANNETT
SATELLITE INFORMATION NETWORK, INC., Petitioner,

v.

DINKELACKER et al.; Wehrung.

[Cite as *State ex rel. Cincinnati Enquirer v. Dinkelacker* (2001), 144 Ohio App.3d 725.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010153.

Decided July 27, 2001.

*Graydon Head & Ritchey LLP* and *John C. Greiner,* for petitioner.

*Merlyn D. Shiverdecker,* for respondents.

*Thompson Hine LLP, Earle Jay Maiman* and *James N. Perry,* for intervenor.

PAINTER, Judge.

The petitioner, *The Cincinnati Enquirer,* filed this original action for a writ of mandamus to compel the respondents, Judge Patrick T. Dinkelacker and Clerk of Courts James C. Cissell, two public officials in Hamilton County, Ohio, to give *The Enquirer* access to certain exhibits used at a pretrial hearing in the criminal case of *State of Ohio v. Michael Wehrung.*[1] *The Enquirer* seeks this writ after Judge Dinkelacker denied its request for the production of the materials.

The intervenor, Michael Wehrung, the defendant in the criminal case, argues that his fair trial rights would be compromised by release of the material, much of which has been ruled, preliminarily at least, to be inadmissible in trial.

---

1. Case No. B–0003273, Hamilton County Court of Common Pleas.

Wehrung asserts that the material—inadmissible in court—should be inadmissible in the newspaper, at least during the pendency of his trial.

For the reasons that follow, we grant the writ of mandamus but stay the writ's issuance for ten days, allowing the trial court to determine whether release of the material would affect Wehrung's right to a fair trial.

## I. The Enquirer Requests the Documents and the Court Refuses

Dan Horn, a reporter for *The Cincinnati Enquirer*, submitted a public-records request under R.C. 149.43, seeking access to various documents in the case of *State v. Wehrung*. Judge Dinkelacker invited the parties in the *Wehrung* proceeding to respond to *The Enquirer's* request, and both the defendant and the state filed memoranda. The defendant in the *Wehrung* proceeding objected to release of the material. Wehrung argued that the records request was a request for documents of pretrial discovery between a criminal prosecutor and a defendant, and that *State ex rel. WHIO–TV–7 v. Lowe*[2] stated that such a request must be denied. The state responded that, while it took no position on the request, the defendant's position was incorrect. The state suggested that the controlling law was *State ex rel. M.A.D.D. v. Gosser*,[3] which it alleged indicated that the records request should be granted.

The judge, acting as a custodian of the record, not as a judge in the case (though the parties seem unclear on this point) then ruled that the *Lowe* case was controlling. The judge denied *The Enquirer's* request, stating that because the materials were procured through pretrial discovery, they were exempt from disclosure as public records. The judge cited the language in *Lowe* concerning fair trial, but actually based his decision on his determination that the requested documents were pretrial discovery material. After this ruling, *The Cincinnati Enquirer* filed the current action, an original writ of mandamus in this court, seeking to compel Judge Dinkelacker and Clerk Cissell to comply with the records request.

## II. We Hold that the Documents are Public Records

 The issues presented are whether the documents requested by the petitioner are public records, and if so, whether the documents must then be released. We begin with a presumption that records in the custody of public officials are public,[4] unless an exemption, either statutory or court-created,

---

2. (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360.

3. (1985), 20 Ohio St.3d 30, 20 OBR 279, 485 N.E.2d 706.

4. *State ex rel. Yant v. Conrad* (1996), 74 Ohio St.3d 681, 682, 660 N.E.2d 1211, 1213.

applies.[5] We hold that the documents in question did indeed change character—from discovery materials to court documents—when they were introduced in court as exhibits for a motion hearing. We further hold that the material is a public record—but that does not end our analysis.

### III. Requirements for Writ of Mandamus

We now turn to *The Enquirer's* actual claim, which is an original action brought in this court for a writ of mandamus. To be entitled to a writ of mandamus, the relator must generally have demonstrated the following: (1) that it possessed a clear legal right to the relief sought, (2) that the respondents were under a clear legal duty to perform the requested act, and (3) that the relator had no plain and adequate remedy at law.[6] But, while "[m]andamus is the proper remedy to compel compliance with the Public Records Act, and persons requesting records under R.C. 149.43(C) need not establish the lack of an alternative, adequate legal remedy in order to be entitled to the writ."[7] In examining the remaining elements, the Public Records Act is to be liberally construed in favor of broad access to the records.[8] The governmental body has the burden to establish an exception to disclosure of the documents.[9]

R.C. 149.43(B)(1) states, "[A]ll public records shall be promptly prepared and made available for inspection to any person at all reasonable times." Because we have decided that the material requested by *The Enquirer* is indeed a public record and not merely pretrial discovery material, *The Enquirer* does have a clear legal right under the Public Records Act to request and receive the material. And the custodian has a clear legal duty to comply.

Once we determine, as we have done, that the requested material is a public record and not merely pretrial discovery material, then under the Public Records Act, the custodian has a duty to release the material when requested to do so. If the trial court determines that release of the material would affect the defendant's right to a fair trial, it may order the material sealed. But unless such a determination is made, the custodian does have a duty to comply with the

---

5. *State ex rel. Vindicator Printing Co. v. Watkins* (1993), 66 Ohio St.3d 129, 609 N.E.2d 551. See, also, R.C. 149.43(A)(1)(v).

6. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.

7. *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency* (2000), 88 Ohio St.3d 166, 171, 724 N.E.2d 411, 417.

8. *State ex rel. Wallace v. State Med. Bd. of Ohio* (2000), 89 Ohio St.3d 431, 433, 732 N.E.2d 960, 964.

9. *State ex rel. Yant v. Conrad* (1996), 74 Ohio St.3d 681, 682, 660 N.E.2d 1211, 1213.

public record request, meaning that *The Enquirer* meets the second part of its burden for granting the writ of mandamus.

## IV. Development of Precedents

The earliest case on whether discovery material may be requested by a third party under a public records request is *State ex rel. Mothers Against Drunk Drivers v. Gosser.*[10] In this case, the Ohio Supreme Court granted a writ of mandamus to a party seeking to compel a clerk of courts to release court documents. The court held that, absent any specific statutory exclusion, all documents or proceedings of a court are public records, must be kept under R.C. 149.43, and be made available for public inspection.[11]

This broad rule, however, was narrowed somewhat by *State ex rel. WHIO–TV–7 v. Lowe,*[12] where the Ohio Supreme Court held that discovery exchanged by a prosecutor to the defendant under Crim.R. 16 is not subject to release as a public record. The court created a judicial, rather than statutory, exclusion for criminal pretrial discovery under R.C. 149.43. The court in *Lowe* based its decision on the need to strike "a careful balance between the public's right to know and the need to guard the fundamental integrity and fairness of a trial for both the defendant and the state." [13]

Along the same line of reasoning, the Supreme Court, in *State ex rel. Vindicator Printing Company v. Watkins,*[14] prohibited the pretrial disclosure of materials that might prejudice the right of a criminal defendant to an impartial determination of his guilt or innocence. The court held that where "release of the records would prejudice the right of a criminal defendant to a fair trial, such information would be exempt from disclosure pursuant to R.C. 149.43(A)(1) during the pendency of the defendant's criminal proceeding." [15]

So while pretrial discovery material is not always subject to disclosure, pretrial discovery material becomes a public record when it becomes part of the court record. Discovery material can be introduced into the court record in support of a motion, and, in some cases, the law requires that discovery between the parties also be filed with the court. The nature of the material changes, from pretrial

10. (1985), 20 Ohio St.3d 30, 20 OBR 279, 485 N.E.2d 706.

11. *Id.* at 33, 20 OBR at 281–282, 485 N.E.2d at 710.

12. (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360.

13. *Id.* at 356, 673 N.E.2d at 1364.

14. (1993), 66 Ohio St.3d 129, 609 N.E.2d 551.

15. *Id.* at 138, 609 N.E.2d at 559.

discovery material to a public record. As such, it must be released when requested under R.C. 149.43(B), as it is no longer exempt under the judicially created exceptions for pretrial discovery material.

In *Adams v. Metallica*,[16] this court considered such a situation—whether pretrial civil discovery material could be requested by a third party as a public record, when the material had been admitted into the court record due to mandatory filing rules for certain civil discovery materials. "Pursuant to Civ.R. 5(D), discovery materials such as depositions, when they are to be used as evidence or considered on a motion, are required to be filed with the trial court. * * * The question arises, therefore, whether the act of filing a deposition with the court has the effect of making it accessible to the public as a 'public record' under the Public Records Act." [17]

The court in *Metallica* (a civil case) reasoned that since a court has the discretionary power to seal court records when good cause is shown, there apparently is "no clear, unqualified public right to inspect pretrial discovery materials, even when they are filed with the trial court." [18] The court in *Metallica* then employed a balancing test of the interests involved to determine whether to modify a protective order, which would allow release of the material.[19]

In *State ex rel. Steckman v. Jackson*,[20] the Ohio Supreme Court attempted to clarify some of the boundaries between pretrial discovery material and public records. The court held that information not subject to discovery (and not filed in court), but held by a criminal prosecutor, is not subject to release as a public record pursuant to R.C. 149.43. More specifically, the court held that such material was not subject to release as a public record because, under R.C. 149.43(A)(4), the material was a trial preparation record. The court further ruled that once a record becomes exempt from release as a trial preparation record, it retains its exempt status until the trial has been fully completed.[21]

We note that this situation is distinguishable from that discussed in *Metallica*. The material at issue under *Steckman* was not discoverable, and so was exempt from release under a statutory exemption in R.C. 149.43, as trial-preparation

---

16. (2001), 143 Ohio App.3d 482, 758 N.E.2d 286.

17. *Id.* at 489, 758 N.E.2d at 291

18. *Id.* at 490, 758 N.E.2d at 290

19. *Id.* at 492, 758 N.E.2d at 293–294 ʼ

20. (1994), 70 Ohio St.3d 420, 639 N.E.2d 83.

21. *Id.* at 432, 639 N.E.2d at 92.

material. It was never considered a public record, and the public had no right to the material. In *Metallica,* however, pretrial material became part of the court record by actually being filed in court. This action caused the material to become a public record. It was not simply trial-preparation material, and could not be exempt from release under that exception. As a public record, it was subject to a different analysis than the material in *Steckman.*

■ Therefore, we hold that when pretrial discovery is submitted into court records, for whatever reason, the character of the pretrial discovery material changes, and it is no longer "discovery" material. In such a situation, the material becomes part of the court record, and so becomes a public record. But we also hold that the trial court, with supervisory power over court records, may still impose an order not to release such a public record, pursuant to the application of a balancing test, weighing the right of the public to access information against the rights of the parties.

■ This court in *Metallica* employed such a balancing test in a civil case, weighing several different factors affecting the parties and the public. In a criminal case, however, the defendant's right to a fair trial is paramount. As the Ohio Supreme Court noted in *State ex rel. Vindicator Printing Company v. Watkins,*[22] records should not be released pursuant to R.C. 149.43(A)(1) during the pendency of a defendant's criminal proceeding if the release of the records would prejudice the right of the criminal defendant to a fair trial. Therefore, when the issue is the release of material relating to an ongoing criminal proceeding, the public's right to access public records can be outweighed by the defendant's constitutional right to receive a fair trial.

## V. Application to the Wehrung Case

It is undisputed that the current *Wehrung* proceeding is at the pretrial discovery stage only, and that the documents requested by *The Enquirer* pertain to a pretrial motion hearing. It is also clear that the prosecutor provided the requested discovery documents to the defendant in compliance with Crim.R. 16. *The Enquirer* correctly argues that the character of the pretrial discovery material changed once it was introduced as an exhibit in a proceeding in open court. The documents are now no longer pretrial discovery material, but are court records, and thus public records. This means that *Lowe,* which applies only to pretrial discovery material, is not the controlling law to determine whether the material must be released to the public under a public record request.

---

22. 66 Ohio St.3d 129, 139, 609 N.E.2d 551, 559.

The court must apply a balancing test similar to that used in *Metallica,* and weigh the various factors to determine whether to release the material. In a criminal case, however, the court should focus on whether the state's or defendant's right to a fair trial would be affected by the release of the material.

According to the Ohio Supreme Court's ruling in *Vindicator,*[23] records should not be released pursuant to R.C. 149.43(A)(1) during the pendency of a defendant's criminal proceeding if the release of the records would prejudice the right of the criminal defendant to a fair trial. This indicates the great weight to be given to any detrimental effects on the defendant's rights caused by release of the material. In the present case, these effects are indeed an important and appropriate concern for the defendant. As the court observed in *WHIO-TV-7 v. Lowe,*[24] the release of records pertaining to an ongoing trial can affect the jury process by tainting the jury pool. The court also said that "a more serious issue which affects the integrity of the trial itself * * * is the tainting of witness testimony from witness exposure to the publicized information."[25] These issues should be determined by the trial court, not merely by a custodian of the record, and the trial court should apply the balancing test of the interests involved. The court should make the proper factual determination of whether release of the material would affect the defendant's right to a fair trial.

### VI. We Grant the Writ, But Stay It

Finding that *The Enquirer* has a clear legal right to the release of the material and that the respondents, Clerk Cissell and Judge Dinkelacker, have a clear legal duty to release the material, we grant the writ of mandamus. But we stay the issuance of the writ for ten days, giving the trial court, as the trial court in the *Wehrung* case, an opportunity to determine whether the release of the material would be unfair to the defendant in that case. That determination was not previously made by the trial court, because Judge Dinkelacker's earlier decision was made not as a judge, but as a custodian of the record—at least, that is how it seems to us, because the ruling was made in response to a letter, though the judge wisely notified defense counsel in the *Wehrung* case. But the judge erroneously decided that the material was pretrial discovery material and not a public record. That ruling eliminated the need for further analysis of the risks of releasing the material. Our decision today requires the trial court to engage in that further step. Further analysis would involve, among other things, whether

---

**23.** 66 Ohio St.3d 129, 139, 609 N.E.2d 551, 559.

**24.** (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360.

**25.** *Id.* at 356, 673 N.E.2d at 1365.

some part of the material could be released without affecting Wehrung's right to a fair trial, and whether some redaction of other documents might suffice.

If the trial court rules that the release of the public records at issue would be unfair to the defendant and would have a detrimental effect on the integrity of the trial, then its ruling would obviate the necessity for the writ of mandamus, which is directed solely to the custodian of the public record.

### VII. Clerk's Motion to Dismiss

Clerk Cissell has moved to be dismissed as a party to this writ, arguing that neither he, nor his office, has ever possessed the exhibits in issue, and that therefore he has no clear legal duty to release material that he has never possessed. But, wherever the physical location of the documents, the clerk of courts has a statutory duty to maintain them.[26] Therefore, we deny Cissell's motion to dismiss.

### VIII. We Decline to Award Attorney Fees

Under R.C. 149.43(C), the court has the discretion to award reasonable attorney fees to the party instituting the mandamus action. An attorney fee award is justified if the relator has conferred a public benefit.[27] In addition, since the award is punitive, reasonableness and good faith by the respondent in refusing to make the disclosure may be considered.[28]

The Ohio Supreme Court has held that when a newspaper requests attorney fees in relation to a grant of a writ of mandamus, there is sufficient public benefit to warrant a grant of the request.[29] The newspaper is providing a public benefit by securing a public record in order to provide complete and accurate news reports to the public.[30] But despite this, we find no evidence of bad faith on the part of the respondents in their refusal to release the material. We also note that the respondents have asserted reasonable legal arguments for

---

26. R.C. 2303.14.

27. *State ex rel. Fairfield Leader v. Ricketts* (1990), 56 Ohio St.3d 97, 103, 564 N.E.2d 486, 492.

28. *State ex rel. Multimedia Inc. v. Whalen* (1990), 51 Ohio St.3d 99, 100, 554 N.E.2d 1321, 1322.

29. *State ex rel. Beacon Journal Publishing. Co. v. Maurer* (2001), 91 Ohio St.3d 54, 58, 741 N.E.2d 511, 515.

30. *Id.*

not releasing the material. Therefore, we deny *The Enquirer*'s request for attorney fees.

*Writ granted*
*and issuance stayed for ten days;*
*Clerk's motion to dismiss denied.*

GORMAN, P.J., and WINKLER, J., concur.