OPINION
{¶ 1} Appellant Amber M. Wood appeals from a post-decree decision by the Tuscarawas County Court of Common Pleas. Appellee Steven A. Wood is appellant's former husband. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on July 27, 1990. Two children, Austin and Lance, were born during the marriage. In 1994, appellee filed a complaint for divorce in Campbell County, Wyoming. Shortly thereafter, appellant filed a complaint for divorce in Tuscarawas County, Ohio.
 {¶ 3} On July 21, 1994, the Tuscarawas County Court of Common Pleas (hereinafter "trial court") issued a judgment entry, citing R.C.3109.24, indicating that the trial court had been in contact with the Wyoming court, and that Ohio would have exclusive jurisdiction over child-related issues.
 {¶ 4} On July 21, 1995, the trial court approved a consent decree which recognized that appellee had obtained a valid decree of divorce in Wyoming on October 18, 1994. The consent decree set forth that Ohio would give full faith and credit to the Wyoming divorce decree, but that Ohio would retain exclusive jurisdiction over, inter alia, custody and support of Austin and Lance. The Ohio consent decree also granted custody of Austin and Lance to appellant, with companionship rights to appellee, and ordered appellee to pay total child support of $508.64 per month.
 {¶ 5} In the ensuing decade, various proceedings took place, particularly regarding issues of child companionship. On March 3, 2005, appellee filed a motion in the trial court to show cause for failure to provide visitation, and a motion for "standard visitation." On October 6, 2005, appellant filed a motion for modification of child support. *Page 3 
On December 9, 2005, appellee filed a motion for relief from judgment and for genetic paternity testing. A magistrate's decision regarding the pending motions was issued on April 6, 2006, to which appellant timely objected.
 {¶ 6} On August 24, 2006, the trial court, via a visiting judge from Stark County, issued a judgment entry memorializing the parties' resolution of the aforesaid motions. The court found, inter alia, that based on genetic testing appellee was not the biological father of Lance, who is now a teenager.
 {¶ 7} On September 25, 2006, appellant filed a notice of appeal. She herein raises the following six Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN MAKING A QUALIFIED DETERMINATION UPON THE ISSUE OF PATERNITY.
 {¶ 9} "II. THE TRIAL COURT ERRED IN FAILING TO OVERRULE APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT REGARDING THE PARENT CHILD RELATIONSHIP BETWEEN STEVEN WOOD AND LANCE WOOD.
 {¶ 10} "III. THE TRIAL COURT ERRED IN NOT ORDERING GUIDELINE CHILD SUPPORT FOR BOTH CHILDREN, FOR FAILING TO ORDER RETROACTIVE PAYMENTS FROM MAY 12, 2005 AND FOR ADOPTING A MAGISTRATE'S DECISION THAT WAS INCONSISTENT WITH THE COURT'S RULING.
 {¶ 11} "IV. THE TRIAL COURT ERRED IN ASSESSING ALL COSTS TO APPELLANT IN THIS ACTION WITH NO EXPLANATION, SAID ASSESSMENT BEING ARBITRARY.
 {¶ 12} "V. THE TRIAL COURT ERRED IN MANDATING APPELLANT BE RESPONSIBLE FOR AUSTIN WOOD'S DESIRES AS TO ACTIVITIES AND USE OF *Page 4 
CELL PHONE AND INTERNET AS IT RELATES TO COMPANIONSHIP AND COMMUNICATION WITH APPELLEE.
 {¶ 13} "VI. THE TRIAL COURT ERRED FAILING (SIC) TO SEAL THE RECORD AS REQUESTED."
 I. {¶ 14} In her First Assignment of Error, appellant contends the trial court erred in making an alleged "qualified determination" as to the issue of the paternity of the child Lance Wood. We disagree.
 {¶ 15} R.C. 3119.961(A) reads in pertinent part as follows:
 {¶ 16} "Notwithstanding the provisions to the contrary in Civil Rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person * * * is the father of a child or from a child support order under which the person * * * is the obligor. Except as otherwise provided in this section, the person shall file the motion in the division of the court of common pleas of the county in which the original judgment, court order, or child support order was made or issued or in the division of the court of common pleas of the county that has jurisdiction involving the administrative determination or order. * * *."
 {¶ 17} Additionally, R.C. 3119.964(A) states in pertinent part: "If a court grants relief from a judgment, order, or determination pursuant to section 3119.962 of the Revised Code and if the person who is relieved * * * has been granted parenting time rights pursuant to an order issued under section 3109.051 or 3109.12 of the Revised *Page 5 
Code * * *, the court shall determine whether the order granting those rights should be terminated, modified, or continued."
 {¶ 18} In the case sub judice, appellant specifically takes issue with the following language in the judgment entry of August 24, 2006, in which entry the court found appellee was not Lance's biological father:
 {¶ 19} "Defendant and Lance Wood have enjoyed a father/son relationship for the last twelve years; the Court recognizes that Steve Wood is the `psychological father' of Lance Wood and will continue to be considered Lance's `father' even though he is not the biological father." Judgment Entry at 3.
 {¶ 20} It is well-established that an appellant, in order to secure reversal of a judgment, must show that a recited error was prejudicial to her. See Tate v. Tate, Richland App. No. 02-CA-86, 2004-Ohio-22, ¶ 15, citing Ames v. All American Truck Trailer Service (Feb. 8, 1991), Lucas App. No. L-89-295, quoting Smith v. Flesher (1967),12 Ohio St.2d 107, 110, 233 N.E.2d 137. Appellant herein proposes that the trial court's above language bars her from taking future action against the biological father, presently unnamed, for paternity and support. However, we find the court's recognition of appellee as Lance's "psychological father" was merely meant to convey that appellee would continue to have the right to seek companionship orders with the child in accordance with R.C. 3119.964(A), supra. We conclude any future court or administrative agency would recognize that paternity is now legally disestablished between appellee and Lance.
 {¶ 21} Accordingly, appellant's First Assignment of Error is overruled. *Page 6 
 II. {¶ 22} In her Second Assignment of Error, appellant claims the court erred in granting appellee's motion for relief from judgment as to the paternity of Lance. We disagree.
 {¶ 23} Appellant first contends the trial court improperly vacated a paternity establishment from another state, i.e., Wyoming. At first blush, this argument seems compelling, as there are clear limits to subjecting foreign judgments to collateral attacks in Ohio courts. See, e.g., Litsinger Sign Co. v. American Sign Co. (1967), 11 Ohio St.2d 1, paragraph one of the syllabus. However, the case sub judice involves a peculiar procedural history which weighs against appellant's argument. The Wyoming divorce decree of October 18, 1994, indeed sets forth that Austin and Lance were born as issue of the parties' marriage. Yet the same decree states that Tuscarawas County, Ohio, and not Wyoming, has jurisdiction "over the children." Furthermore, the subsequent Ohio consent judgment entry of July 21, 1995, memorialized appellee's status as the father at that time by setting forth that "Plaintiff Amber Wood is designated the residential parent and legal custodian of the two children of the parties * * *." Under these circumstances, we hold this case thus involves an Ohio paternity and support establishment, which was subject to statutory relief from judgment in the Tuscarawas County Court of Common Pleas. We further find no merit in appellant's concern that a conflict of law has been left in existence between Ohio and Wyoming in this case, as both states placed Lance under Ohio's jurisdiction.
 {¶ 24} Appellant secondly contends the disestablishment of Lance's paternity was not in accordance with R.C. 3119.962(B), which states as follows: *Page 7 
 {¶ 25} "(B) A court shall not grant relief from a final judgment, court order, or administrative determination or order that determines that a person * * * is the father of a child or from a child support order under which a person * * * is the obligor if the court determines, by a preponderance of the evidence, that the person * * * knew that he was not the natural father of the child before any of the following:
 {¶ 26} * * *
 {¶ 27} "(3) The person * * * otherwise admitted or acknowledged himself to be the child's father."
 {¶ 28} Appellant points out that appellee filed a change of custody motion on May 12, 2005, attaching therewith an affidavit stating Lance and Austin were his sons. Appellant further indicates that appellee nonetheless contacted the guardian ad litem prior to April 22, 2005 and indicated he and Lance had taken an out-of-court paternity test, and that appellee had been informed by the testing company that he was excluded as Lance's father. Tr. at 43, et seq. However, it is undisputed that the subsequent court-ordered genetic testing results were not made known to appellee until January 9, 2006. Under these circumstances, appellee did not obtain court-sanctioned proof of nonpaternity until well after he filed his May 12, 2005 affidavit indicating he was Lance's father. In light of his roughly twelve years of misinformed paternity status for this child, we are unpersuaded that appellee definitively "knew" he was not the natural father at the time of said affidavit to the extent that R.C. 3119.962(B)(3) would bar him from seeking relief.
 {¶ 29} Appellant's Second Assignment of Error is overruled. *Page 8 
 III. {¶ 30} In her Third Assignment of Error, appellant claims the court erred in declining to order child support for both Lance and Austin, in failing to order a retroactive increase, and in adopting an allegedly "inconsistent" magistrate's decision. We disagree.
 {¶ 31} The Child Support Worksheet attached to the 08/24/06 Judgment Entry indicates child support, including processing fees, for one child (Austin) is $884.00 per month. Paragraph 4 of the 08/24/06 Judgment Entry states that effective 09/01/06, child support shall be $700.00 per month, including processing fees and specifically states the reason for this deviation is based upon the fact that appellee is to pay for counseling with the two children. Paragraph 5 of the 08/24/06 Judgment Entry states that child support will increase to $884.00 per month (as noted on the Child Support Worksheet) effective March 1, 2007, unless additional counseling, the stated reason for downward deviation, is necessary beyond March 1, 2007.
 {¶ 32} Our standard of review in addressing child support matters is generally that of abuse of discretion. See, e.g. Kiehborth vs.Kiehborth, 169 Ohio App.3d 308, 313, 2006-Ohio-5529. The trial court clearly explained the reason for deviation in the child support for Austin Wood for the stated six month period. The 04/06/06 Magistrate's Decision and the 08/24/06 Judgment Entry are not in conflict and the results expressed in both do not constitute reversible error or an abuse of discretion.
 {¶ 33} Appellant's Third Assignment of Error is overruled. *Page 9 
 IV., V. {¶ 34} In her Fourth and Fifth Assignments of Error, appellant contends the court erred in assessing court costs to her[1] and making her responsible for assuring Austin returns appellee's telephone calls on his cell phone. We disagree.
 {¶ 35} The basis of appellant's arguments is her suggestion that the aforesaid orders were made in the 8/24/06 written judgment entry, which appellee's counsel purportedly prepared, even though they were contrary to or over and above the wishes of the trial judge. However, this Court has frequently recognized the axiom that a court speaks through its journal. See, e.g., State v. Smith, Licking App. No. 04CA9,2004-Ohio-3743, ¶ 27, citing State ex rel. Worcester v. Donnellon
(1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183. Furthermore, as a general rule, we must indulge in all reasonable presumptions in favor of the regularity of the proceedings below. See Channelwood v. Fruth (June 10, 1987), Summit App. No. 12797, citing In Re Sublett (1959),169 Ohio St. 19, 20.
 {¶ 36} We find no reversible error as urged by appellant under these circumstances. Appellant's Fourth and Fifth Assignments of Error are overruled.
 VI. {¶ 37} In her Sixth Assignment of Error, appellant argues the trial court erred in failing to seal the record as she had requested. We disagree.
 {¶ 38} A trial court has the discretionary power to seal court records in a civil case when good cause is shown. State ex rel. The CincinnatiEnquirer v. Dinkelacker *Page 10 
(2001), 144 Ohio App.3d 725, 731, 761 N.E.2d 656, citing Adams v.Metallica, Inc. (2001), 143 Ohio App.3d 482, 490, 758 N.E.2d 286. Appellant's chief concerns appear to be that paternity issues are involved in this matter and that a guardian ad litem report was generated. Appellee responds that the alleged biological father of Lance is not stated anywhere in the record, and that the GAL report will be kept in the magistrate's confidential custody following appeal. Upon review, we find no demonstration of an abuse of discretion by the trial court in declining to seal the record in this case.
 {¶ 39} Appellant's Sixth Assignment of Error is overruled.
 {¶ 40} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Tuscarawas County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Tuscarawas County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant fails to identify where the assessment order is located in the record. Our review indicates the magistrate actually recommended taxing costs equally in the decision of 4/6/06. *Page 1