OPINION AND JOURNAL ENTRY
{¶ 1} Relator, John Paul Gomez, has filed a pro se application for a writ of mandamus against Respondents, Noble County Common Pleas Court Judge John Nau and Clerk of Courts Karen Starr.
 {¶ 2} In his initial application, Relator alleges the following. On July 7, 2006, he filed a pleading pursuant to R.C. 149.43, the public records statute, requesting copies of "tapes on case no: 205-0135."[1]
Respondents failed to provide him with the tapes for over a year. Relator alleges that Respondents have ignored his request. To his complaint, Relator attached a copy of his filing requesting copies of the tapes.
 {¶ 3 } Relator asks that this court compel Respondents to provide with him copies of the requested tapes for inspection and requests that Respondents show cause as to why they denied him access to the tapes.
 {¶ 4} Relator also filed his affidavit in support of his initial application. However, this affidavit is not notarized. In the affidavit, Relator states that he received transcripts of the proceedings for case number 205-0135 and that he noticed that the transcripts "didn't reflect everything that happened in court." He states that he then verbally requested the tapes from Starr, but she advised him that the court does not provide copies of the tapes to anyone. Relator further states that in his appeal, Gomez v. Gomez, 7th Dist. No. 06-NO-330, 2007-Ohio-1559, he filed a motion to correct the record. He states that this Court filed a journal entry directing him of the proper procedure to resolve the issues, but that the clerk of courts failed to serve him with this entry.
 {¶ 5} Relator further states in his affidavit that after this court ruled on his appeal, he again contacted Starr about getting copies of the tapes. He states that she directed him to Judge Nau's secretary. The secretary, he claims, continuously advised him that the judge was notified of his request, yet the judge failed to respond to him. He contends that Judge Nau has deliberately ignored his requests.
 {¶ 6} Respondents filed an answer, motion to dismiss, and motion for *Page 2 
summary judgment. They admit that Relator filed a request for copies of the tapes, but deny the remaining allegations.
 {¶ 7} Relator then filed an amended application for writ of mandamus, which makes the same allegations as his original application, but contains the addresses of the parties. However, this application does not include an affidavit. It is accompanied only by an acknowledgement executed by a Pennsylvania notary. On this basis, Respondents moved to dismiss the amended application.
 {¶ 8} Relator subsequently filed an amended affidavit in support of his amended application, which is identical to his original affidavit but is notarized. Relator also filed a response to Respondents' motion for summary judgment and requested leave to file another brief in support of his application.
 {¶ 9} In order to be entitled to a writ of mandamus a Relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 663 N.E.2d 639. The burden is on the Relator to establish the elements to obtain the writ.State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 656 N.E.2d 332.
 {¶ 10} First, we will address Respondents' motion to dismiss.
 {¶ 11} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained therein are true, that the Relator can prove no facts which would warrant the relief sought.State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80,537 N.E.2d 641. To withstand a motion to dismiss, a complaint must contain, with sufficient particularity, a statement of the clear legal duty of the respondent to perform the act requested. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Ed. (1995), 72 Ohio St.3d 94, 95,647 N.E.2d 788.
 {¶ 12} Respondents assert several reasons why the application should be dismissed.
 {¶ 13} First, they argue that the affidavit accompanying Relator's application is *Page 3 
unverified and, therefore, his application does not comply with R.C.2731.04. R.C. 2731.04 contains specific requirements for filing a petition for a writ of mandamus: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." (Emphasis added.) Here, Relator's initial application was accompanied by an un-notarized affidavit. However, he filed an amended application and an amended affidavit, which was notarized.
 {¶ 14} Second, Respondents argue the application is barred by laches. However, Respondents make no further argument on this point. "To successfully assert a doctrine-of-laches claim, a party must prove that there has been an unreasonable delay in asserting the claim and that the delay caused the party material prejudice." Still v. Hayman,153 Ohio App.3d 487, 794 N.E.2d 751, 2003-Ohio-4113, at ¶ 14. Respondents have not asserted any prejudice in this case, let alone material prejudice.
 {¶ 15} Third, Respondents argue that the application contains complaints about Judge Nau's exercise of discretion, which is not a proper subject for mandamus relief. But while Relator's application contains some allegations regarding Judge Nau's exercise of discretion, Relator makes other arguments in support of a writ of mandamus.
 {¶ 16} Fourth, Respondents argue that the application fails to establish a clear legal right to the requested relief. But in his application, Relator asserts that Respondents denied him access to a public record and that he seeks access to that record. Mandamus is the appropriate remedy to compel compliance with Ohio's Public Records Act.State ex rel. Steckman v. Jackson (2002), 70 Ohio St.3d 420,639 N.E.2d 83.
 {¶ 17} Fifth, Respondents argue that the application is defective because it does not include the addresses of all parties. However, in his amended application, Relator included the addresses of the parties.
 {¶ 18} Finally, Respondents argue the application alleges no grounds for relief *Page 4 
against Starr because the clerk of courts is not the person responsible for the tapes. However, the clerk of courts is a proper respondent in a proceeding for a writ of mandamus to compel the production of a public record, such as tapes of a trial, regardless of whether the clerk or the clerk's office ever possessed the tapes, in view of the clerk's statutory duty to maintain those documents. See R.C. 2303.14; State exrel. Cincinnati Enquirer v. Dinkelacker (2001), 144 Ohio App.3d 725,734, 761 N.E.2d 656; State, ex rel. Martinelli, v. Corrigan (1991),71 Ohio App.3d 243, 245, 593 N.E.2d 364.
 {¶ 19} For these reasons, Respondents' motion to dismiss is hereby overruled.
 {¶ 20} We next move on to consider Respondents' motion for summary judgment. The standard for granting summary judgment is set out inWelco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346,617 N.E.2d 1129:
 {¶ 21} "Under Civ.R. 56, summary judgment is proper when `(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138. Nevertheless, summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essentials of its claim. Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.
 {¶ 22} In their motion for summary judgment, Respondents argue that no genuine issue of material fact exists in this matter. In support, they submitted the affidavit of Tonda Brown, the assignments commissioner for the Noble County *Page 5 
Common Pleas Court.
 {¶ 23} In her affidavit Brown states the following. In June 2006, Relator requested copies of the audiotapes in case number 205-0135. These tapes were recorded contemporaneously with the proceedings on a proprietary recording system, specifically a Lanier court reporting system, which is not readily available commercially to private consumers. The court does not have the capability to make direct copies of Lanier tapes. The only way copies can be made is to play the tapes over a speaker while simultaneously using a commercial cassette recorder to record, which renders much of the tape unintelligible. The court made arrangements for Relator to come to the court building and listen to the tapes on the court's Lanier system. The tapes were retrieved from the tape archive, set aside, and kept available for Relator's inspection. The court notified Relator that the tapes were prepared for his inspection. Relator was scheduled to come to the court on January 9, 2007, to listen to the tapes, but did not appear. The tapes were kept available for Relator from January 9 until May or June 2007, when they were placed in the court's archive.
 {¶ 24} In response to the motion for summary judgment, Relator asserts that Brown's statements in her affidavit are "completely false and untrue." He then goes on to reiterate his allegations against Respondents and adds that Judge Nau is attempting to "systematically disconnect" him from his children.
 {¶ 25} R.C. 149.43(B)(1), provides in relevant part:
 {¶ 26} "Upon request * * *, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * * [U]pon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time."
 {¶ 27} Furthermore, R.C. 149.43(B)(6) states in pertinent part:
 {¶ 28} "The public office or the person responsible for the public record shall permit that person [the requester] to choose to have the public record duplicated *Page 6 
upon paper, upon the same medium upon which the public office or personresponsible for the public record keeps it, or upon any other medium upon which the public office or person responsible for the public record determines that it reasonably can be duplicated as an integral part of the normal operations of the public office or person responsible for the public record. When the person seeking the copy makes a choice underthis division, the public office or person responsible for the publicrecord shall provide a copy of it in accordance with the choice made bythe person seeking the copy." (Emphasis added.)
 {¶ 29} The Public Records Act is to be liberally construed in favor of broad access to and disclosure of public records. State ex rel.Cincinnati Enquirer v. Krings (2001), 93 Ohio St.3d 654,758 N.E.2d 1135; State ex rel. Wallace v. State Med. Bd. of Ohio (2000),89 Ohio St.3d 431, 732 N.E.2d 960.
 {¶ 30} In his request for the tapes, Relator requested that they be provided upon the same medium which the court keeps them. In her affidavit, Brown states that the court does not have the capability to make direct copies of the tapes due to the type of recording device used to make the tapes. (Brown aff. ¶ 3-4). She further states that the court's only means of making a copy of the tapes is to play the tapes over a speaker while simultaneously using a cassette recorder to record the audio. (Brown aff. ¶ 4). Brown states that this method of copying renders much of the tape unintelligible. (Brown aff. ¶ 4).
 {¶ 31} Relator requested copies of the tapes, not an opportunity to listen to the tapes. While the copies of the tapes may be less than perfect, Relator is entitled to these copies under R.C. 149.43(B).
 {¶ 32} The Ohio Supreme Court has affirmed an appellate court's issuance of a writ of mandamus ordering a county's administrative judge to provide a copy of an audiotape of a suppression hearing to the relator. State ex rel. Slagle v. Rogers, 103 Ohio St.3d 89,814 N.E.2d 55, 2004-Ohio-4354, clarified on reconsideration by State ex rel. Slaglev. Rogers, 106 Ohio St.3d 1402, 829 N.E.2d 1215, 2005-Ohio-3040. The Court stated: *Page 7 
 {¶ 33} "As to Slagle's claim that he is entitled to have the State v.Call audiotape, he alleged in his complaint that he needed a copy of the audiotape of the suppression hearing in order to prepare for trial. Although Judge Rogers agrees that the recording should be made available for reasonable inspection, he argues that Slagle should not be allowed to have the tape copied at cost under R.C. 149.43(B)(1). Instead, he maintains that a party to the action is limited to a transcribed version of the tape, to be ordered from the court reporter for the fee fixed by the court.
 {¶ 34} "We disagree with this position. In State ex rel. CincinnatiEnquirer v. Hamilton Cty. (1996), 75 Ohio St.3d 374, 662 N.E.2d 334, we held that tapes of 911 calls were public records and were subject to release under the Ohio Public Records Act. In this case, Slagle is not asking to have the tape transcribed or to have a transcript of the tape copied for him — he is only requesting a copy of the audiotape. Under these circumstances, he is entitled to the copy at cost." Id. at ¶ 16-17.
 {¶ 35} Accordingly, the Court finds that Relator has a legal right to the relief requested and Respondents have a legal duty to provide copies of any audiotapes of proceedings pursuant to R.C. 149.43.
 {¶ 36} It is hereby ordered that Respondents provide Relator with copies of the audiotapes in case number 205-0135 at the actual cost of making such copies.
 {¶ 37} Respondents' motion for summary judgment is denied.
 {¶ 38} Relator's application for writ of mandamus is granted. Writ to issue.
 {¶ 39} Costs are taxed against Respondents.
 {¶ 40} Final order. Clerk to serve notice as provided in the civil rules.
Donofrio, J., Vukovich, J., DeGenaro, J. concurs.
[1] This case was the divorce action between relator and his ex-wife in which the trial court awarded custody of the couple's children to their mother.
 *Page 1