[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Parikh*, Slip Opinion No. 2023-Ohio-759.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-759

THE STATE EX REL. WARE *v.* PARIKH, CLERK.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Parikh*, Slip Opinion No. 2023-Ohio-759.]**

*Mandamus—Public records—A records custodian bears burden of establishing applicability of an exception to disclosure—Writ granted in part and denied in part.*

(No. 2022-0191—Submitted January 10, 2023—Decided March 15, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action brought by relator, Kimani E. Ware, against respondent, Hamilton County Clerk of Courts Pavan Parikh.[1] Ware seeks a writ of mandamus ordering Parikh to provide copies of three oaths of office and various court records from a 2001 case. Ware also seeks awards of statutory damages and

_____

1. Ware asserted his claim against Aftab Pureval, who was the Hamilton County clerk of courts when the petition was filed. The current clerk, Pavan Parikh, is automatically substituted as a party to this action under S.Ct.Prac.R. 4.06(B).

court costs. We previously denied Ware's motion for default judgment and Parikh's motion to dismiss and granted an alternative writ. 166 Ohio St.3d 1528, 2022-Ohio-1837, 188 N.E.3d 196. We now grant the writ of mandamus in part and deny it in part, and we award Ware statutory damages in the amount of $1,000 as well as court costs.

## I. BACKGROUND

{¶ 2} Ware is an inmate at the Richland Correctional Institution. In February 2021, he sent a public-records request by certified mail to the Hamilton County clerk of courts, requesting two categories of records. First, Ware sought "the following judges['] oaths of office, (1) Charles J. Kubicki, (2) Lisa C. Allen, (3) Thomas O. Beridon." Second, he sought "the following from case no. C-010153[:] Docket sheet, writ of mandamus complaint, Motion To Dismiss, Judgment Entry filed on July 27, 2001." Neither party addresses the basic facts of the case from category No. 2, but it was an original action in mandamus that had been filed in the First District Court of Appeals by a newspaper company seeking access to exhibits from a criminal case. *See State ex rel. Cincinnati Enquirer v. Dinkelacker*, 144 Ohio App.3d 725, 761 N.E.2d 656 (1st Dist.2001).

{¶ 3} The clerk did not respond to Ware's public-records request.

{¶ 4} In February 2022, Ware filed this action in this court, seeking a writ of mandamus and awards of statutory damages and costs. Ware and the clerk have both filed merit briefs, but only Ware filed evidence.

## II. ANALYSIS

### A. *Mandamus*

{¶ 5} Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, Ware must show that he has a clear legal right to the requested relief and that Parikh

has a clear legal duty to provide it.  *See State ex rel. Ellis v. Maple Hts. Police Dept.*, 158 Ohio St.3d 25, 2019-Ohio-4137, 139 N.E.3d 873, ¶ 5.

### 1. Oaths of office

{¶ 6} Ware seeks copies of three oaths of office.  The clerk argues, however, that Ware is not entitled to them in this action because he used the incorrect vehicle to request them.  According to the clerk, Ware should have sought the records under the Rules of Superintendence for the Courts of Ohio, not R.C. 149.43, Ohio's Public Records Act.

{¶ 7} Whether the Public Records Act or the Rules of Superintendence apply is a threshold issue in public-records cases.  *State ex rel. Ware v. Kurt*, __ Ohio St.3d __, 2022-Ohio-1627, __ N.E.3d __, ¶ 10.  "If the requester seeks public records through the incorrect vehicle, then he or she is not entitled to receive the records through a mandamus action."  *Id.* at ¶ 12.  In *Kurt*, this court determined that a record memorializing a judge's oath of office was an "administrative document" governed by the Rules of Superintendence "because [it] recorded the operations of the court."  *Id.* at ¶ 16, citing Sup.R. 44(G)(1) (defining "[a]dministrative document" as a "document and information in a document created, received, or maintained by a court that serves to record the administrative, fiscal, personnel, or management functions, policies, decisions, procedures, operations, organization, or other activities of the court" subject to exclusions not relevant here).

{¶ 8} Here, Ware's letter to the clerk requesting the oaths of office did not invoke either the Public Records Act or the Rules of Superintendence; rather, the letter simply stated that it was a "Public Records Request."  That phrasing by itself "is not fatal" because a requester generally need not cite legal authority as the basis for a request.  *State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, ¶ 19.  What is fatal, however, is that Ware "invoked only the Public Records Act *in this action*" (emphasis sic.), *id*.  Because Ware has used the wrong

vehicle for requesting copies of the oaths of office, we deny the writ of mandamus as to those records.

## 2. Records related to *Cincinnati Enquirer*

{¶ 9} The second part of Ware's request seeks the docket sheet, writ of mandamus complaint, motion to dismiss, and July 27, 2001 judgment entry in *Cincinnati Enquirer*, 144 Ohio App.3d 725, 761 N.E.2d 656. The clerk argues that R.C. 149.43(B)(8) forecloses Ware's right to receive these records because the case "dealt with criminal case records for a case initiated prior to July 1, 2009."

{¶ 10} The significance of July 1, 2009, lies in the fact that "[r]equests for case documents in cases commenced on or after July 1, 2009, are governed by the Rules of Superintendence, not the Public Records Act." *Giavasis* at ¶ 18. Because *Cincinnati Enquirer* was a 2001 case, we must apply the provisions of R.C. 149.43, Ohio's Public Records Act. R.C. 149.43(B)(8) provides that a public office has no duty to provide an inmate with "any public record concerning a criminal investigation or prosecution" unless the "judge who imposed the sentence * * * finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." Thus, when an inmate seeks a public record from a criminal case that was commenced before July 1, 2009, the public office has no duty to provide the record in the absence of a finding by the sentencing judge that the inmate's claim appears to be valid. *See Giavasis* at ¶ 15. But *Cincinnati Enquirer* was not a criminal case; it was an original action in mandamus, which is a civil action. *See State ex rel. Ohio Dept. of Health v. Sowald*, 65 Ohio St.3d 338, 343, 603 N.E.2d 1017 (1992).

{¶ 11} The clerk's argument appears to present a novel issue concerning the scope of R.C. 149.43(B)(8). Although we have construed R.C. 149.43(B)(8)'s predecessor (former R.C. 149.43(B)(4)) as "broad and encompassing," *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 14, neither party in this case cites a decision considering whether the statute applies to

an inmate's request for records from a mandamus action in which the underlying subject matter concerned a criminal prosecution.

{¶ 12} We conclude that the clerk has not met his burden to show that the exception applies. *See State ex rel. Myers v. Meyers*, __ Ohio St.3d __, 2022-Ohio-1915, __ N.E.3d __, ¶ 30 (a records custodian bears the burden of establishing the applicability of an exception to disclosure). First, although the clerk cites *Kurt*, __ Ohio St.3d __, 2022-Ohio-1627, __ N.E.3d __, as support for the argument that Ware "cannot demonstrate a clear legal right to compel [the clerk] to produce [the requested] documents," that case is distinguishable. This court's analysis of R.C. 149.43(B)(8) in *Kurt* pertains to an application of that statute to a requester's attempt to obtain the transcript of a 9-1-1 call from *his own criminal case*. Second, the clerk merely quotes R.C. 149.43(B)(8) without meaningfully analyzing whether the records sought by Ware would fall within the scope of those "concerning a criminal investigation or prosecution." Last, the clerk completely ignores the First District's decision in *Cincinnati Enquirer*, 144 Ohio App.3d 725, 761 N.E.2d 686, which contains a summary of the underlying facts of that case.

{¶ 13} Because the clerk has failed to meet his burden, we grant the writ and order him to produce the requested records from the *Cincinnati Enquirer* case.

### B. Statutory damages

{¶ 14} A requester who transmits by certified mail a fairly described public-records request is entitled to an award of statutory damages if a court determines that the public office has failed to comply with an obligation of R.C. 149.43(B).[2] R.C. 149.43(C)(2). One of the obligations stated in R.C. 149.43(B) is that the public office "promptly" make the records available to the requester. *See Myers* at

---

2. In a one-sentence footnote, the clerk asserts that he "could not locate any record of the certified mail delivery." But the clerk did not file any evidence to validate this assertion and other evidence in the record, which includes an image of the delivered certified-mail card, establishes that Ware transmitted his request by certified mail.

¶ 60, citing R.C. 149.43(B)(1). "Statutory damages accrue at the rate of $100 for each business day the office failed to meet one of R.C. 149.43(B)'s obligations, beginning on the day the requester files a mandamus action, up to $1,000." *State ex rel. Horton v. Kilbane*, 167 Ohio St.3d 413, 2022-Ohio-205, 194 N.E.3d 288, ¶ 15, citing R.C. 149.43(C)(2).

{¶ 15} Because we grant a writ of mandamus ordering Parikh to produce the requested records from *Cincinnati Enquirer*, 144 Ohio App.3d 725, 761 N.E.2d 686, we award Ware $1,000 in statutory damages for the clerk's delay in producing these records, which has persisted for more than ten business days from the filing of this action. But we deny Ware's request for an award of statutory damages as to the documents related to the oaths of office. These documents are governed by the Rules of Superintendence, which "do not authorize statutory damages under any circumstances," *State ex rel. Harris v. Pureval*, 155 Ohio St.3d 343, 2018-Ohio-4718, 121 N.E.3d 337, ¶ 11.

*C. Court costs*

{¶ 16} Under R.C. 149.43(C)(3)(a)(i), a court shall determine and award court costs if it orders a public office to comply with R.C. 149.43(B). Because we are granting a writ of mandamus ordering Parikh to produce records relating to *Cincinnati Enquirer*, we award Ware court costs.

### III. CONCLUSION

{¶ 17} For the foregoing reasons, we grant the writ in part and deny it in part and award Ware $1,000 in statutory damages as well as court costs.

Writ granted in part

and denied in part.

FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, C.J., concurs in judgment only in part and dissents in part, with an opinion joined by DEWINE, J.

DETERS, J., not participating.

_____

**KENNEDY, C.J., concurring in judgment only in part and dissenting in part.**

{¶ 18} I agree with the majority that relator, Kimani E. Ware, is entitled to a writ of mandamus compelling respondent, Hamilton County Clerk of Courts Pavan Parikh, to comply with Ware's public-records request to the extent that it seeks access to documents related to a mandamus action Ware brought in the First District Court of Appeals. I also agree that Ware is entitled to an award of statutory damages in the amount of $1,000 as well as court costs.

{¶ 19} However, the majority errs in issuing a writ of mandamus without also compelling Parikh to comply with Ware's public-records request to the extent that it seeks access to three judges' oaths of office. Contrary to the majority's conclusion, this request is not governed by the provisions of the Rules of Superintendence for the Courts of Ohio purporting to regulate access to court records. A clerk of courts' records are not covered by the Rules of Superintendence; and even if they were, this court lacks the constitutional authority to issue rules that preempt substantive law such as the Public Records Act, R.C. 149.43.

{¶ 20} We should adhere to the limits of our power and hold that the Rules of Superintendence do not and cannot govern public access to clerks' records. Because the majority chooses to maintain its errant course, I concur in judgment only in part and dissent in part.

**The Clerk's Records Are Not Subject to the Rules of Superintendence**

{¶ 21} R.C. 3.23 requires every "judge of a court of record" to take an oath of office and requires the person administering the oath to sign the certificate of the oath, which must be transmitted "to the clerk of the respective court." A copy of the certificate of oath must then be transmitted to this court. R.C. 3.23. Maintaining a record of the judges' oaths of office documents the clerk's activities of receiving

those oaths. They are the clerk's records, not court records. *See State ex rel. Ware v. Kurt*, __ Ohio St.3d __, 2022-Ohio-1627, __ N.E.3d __, ¶ 63 (Kennedy, J., concurring in part and dissenting in part).

**{¶ 22}** The Rules of Superintendence by their express terms regulate a court's records, not a clerk's. *See* Sup.R. 44(B), (C)(1), and (G)(1); Sup.R. 45. Importantly, Sup.R. 1(A) states that the rules "are applicable to all courts of appeal, courts of common pleas, municipal courts, and county courts in this state." The rules purport to govern case documents "submitted to a court or filed with a clerk of court in a judicial action or proceeding," Sup.R. 44(C)(1), and administrative documents "created, received, or maintained by a court," Sup.R. 44(G)(1)—and the rules define "court" to mean "a court of appeals, court of common pleas, municipal court, or county court," Sup.R. 2(C). Because the Rules of Superintendence do not control access to a clerk's records, they do not apply to Ware's public-records request.

**{¶ 23}** Nor could this court's Rules of Superintendence apply to a clerk's records. Article IV, Section 5(A)(1) of the Ohio Constitution empowers this court to adopt rules of superintendence to aid this court in overseeing inferior *courts*. The Constitution, however, says nothing about superintending clerks of court, and "[t]he clerk is not a 'court' subject to our Superintendence Rules," *State ex rel. Parker Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.3d 57, ¶ 44 (Kennedy, J., concurring in judgment only in part and dissenting in part). This court has long recognized that a clerk is not a judicial officer and may not exercise judicial power. *See State ex rel. Glass v. Chapman*, 67 Ohio St. 1, 65 N.E. 154 (1902), syllabus; *see also Mellinger v. Mellinger*, 73 Ohio St. 221, 227, 76 N.E. 615 (1906); *Hocking Valley Ry. Co. v. Cluster Coal & Feed Co.*, 97 Ohio St. 140, 141-142, 119 N.E. 207 (1918).

**{¶ 24}** Rather, because the oaths are "records kept by [a] public office," R.C. 149.43(A)(1), they are subject to release under the Public Records Act.

**The Rules of Superintendence Cannot Restrict Access to Government Records**

{¶ 25} More fundamentally, this court lacks constitutional authority to promulgate substantive rules regulating access to public records. *See Ware*, __ Ohio St.3d __, 2022-Ohio-1627, __ N.E.3d __, at ¶ 44, 52 (Kennedy, J., concurring in part and dissenting in part). This court's cases concluding that we have the power to preempt the Public Records Act by issuing a court rule were wrongly decided.

{¶ 26} The Ohio Constitution gives this court the power to promulgate two distinct sets of rules: (1) the Rules of Superintendence, Article IV, Section 5(A)(1), and (2) the Rules of Practice and Procedure, Article IV, Section 5(B). This court may "adopt Rules of Superintendence that are consistent with this court's *general superintending power* over all courts in this state. That power, however, is limited to addressing the *case-management problems* that cause delays in processing cases * * *." (Emphasis sic.) *Ware* at ¶ 41 (Kennedy, J., concurring in part and dissenting in part). There is no language in the Ohio Constitution allowing this court to promulgate a rule of superintendence that overrides an enactment of the General Assembly or that otherwise affects a substantial right. Rather, as this court has explained, "[t]he Rules of Superintendence are not designed to alter basic substantive rights." *State v. Singer*, 50 Ohio St.2d 103, 110, 362 N.E.2d 1216 (1977).

{¶ 27} The Constitution also empowers this court to adopt rules of practice and procedure that can preempt conflicting statutes, but "Article IV, Section 5(B) constrains this court's ability to promulgate rules superseding enactments of the General Assembly in two ways. First, the Ohio Constitution expressly prohibits the adoption of any rules of practice or procedure that affect substantive rights." *Ware* at ¶ 43 (Kennedy, J., concurring in part and dissenting in part). "Second, the Ohio Constitution gives the General Assembly express authority to accept or reject

promulgated rules of practice or procedure that, if accepted, will eclipse all laws in conflict with such rules." *Id.*, citing Ohio Constitution, Article IV, Section 5(B).

{¶ 28} Neither Section 5(A)(1) nor Section 5(B) of Article IV grants this court the power to adopt a rule that affects a substantive right or that supplants the substantive law of this state as enacted by the General Assembly. This includes the Public Records Act, which "codifie[s] the public's right to access of government records." *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 81, 526 N.E.2d 786 (1988). As this court has explained, in enacting the Public Records Act, "the Ohio General Assembly sought to codify *the right of the people* of Ohio to observe their own government and scrutinize its decisions." (Emphasis added.) *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 19. "The Ohio Public Records Act grants [the people of Ohio] the 'substantive right to inspect and copy public records.' " *Id.*, quoting *State ex rel. Beacon Journal Publishing Co. v. Waters*, 67 Ohio St.3d 321, 324, 617 N.E.2d 1110 (1993).

{¶ 29} Therefore, while "[t]he Rules of Superintendence may provide guidance to courts in complying with the public-records law, * * * those rules cannot limit access to public records that is protected by the law, grant access to public records that is denied by the law, or eliminate any remedy that is provided by the law to enforce it." *Ware*, __ Ohio St.3d __, 2022-Ohio-1627, __ N.E.3d __, at ¶ 52 (Kennedy, J., concurring in part and dissenting in part). Simply put, this court lacks the power to preempt the Public Record Act through the exercise of its rulemaking powers.

### The Public Records Act Governs Ware's Request

{¶ 30} The majority today holds that a judge's oath of office is a court record maintained by a clerk and that its release as a public record is governed by the Rules of Superintendence, not the Public Records Act. *See also Ware* at ¶ 16. And because Ware relied solely on the Public Records Act in support of his claim

that he is entitled to the production of the records, this court rejects his request for the judges' oaths of office on a technicality, concluding that "Ware has used the wrong vehicle for requesting copies of the oaths of office," majority opinion at ¶ 8.

{¶ 31} However, Ware properly invoked the Public Records Act. He sought the clerk's records, not court records. Moreover, this court's Rules of Superintendence may not abridge Ware's statutory right to have the clerk produce those records. And because the clerk failed to comply with Ware's public-records request, Ware is entitled to a writ of mandamus compelling Parikh to produce any public records that are responsive to Ware's request.

**Conclusion**

{¶ 32} Our cases discussing access to court records have disregarded the bounds of our authority for too long. "The measure of power is its limits. Respecting the limits of power is essential to our American form of government. Anything less is an affront to it." *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, 168 Ohio St.3d 374, 2022-Ohio-1235, 199 N.E.3d 485, ¶ 88 (Kennedy, J., dissenting).

{¶ 33} The majority's holding today runs counter to the language of the Rules of Superintendence and transcends the limits on the rulemaking power granted by Article IV, Section 5 of the Ohio Constitution. However, it is not too late for this court to rectify its mistake and hold that the right to access public records in general—and court records in particular—is a substantive right that this court lacks the authority to abridge through its rulemaking power.

{¶ 34} Applying the correct law here, I would issue a writ of mandamus compelling Parikh to fully comply with Ware's public-records request and award Ware statutory damages in the amount of $1,000 as well as court costs. I therefore concur in judgment only in part and dissent in part from the majority's decision today.

DEWINE, J., concurs in the foregoing opinion.

————————————

Kimani Ware, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for respondent.

————————————